UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

ROYCE CORLEY d/b/a "RON IRON",

**CV 15 - 0232**

Plaintiff,

v.

GARAUFIS, J.

CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE,
GREG WEISS, ELIZABETH PEDERSON, DANY PERSONNEL,
BRIAN CONROY, MICHAEL DALY, MARK WOODS,
JESSICA STERLING, GIANCARLO CAVALLO, GREG SMITH,
NYPD PERSONNEL, SHARI C. HYMAN, JOHN DOE #1-2,
OSE PERSONNEL, individual and official capacity
as public officers of the CITY OF NEW YORK;
MICHAEL T. HAGGERTY, WALTER PANCHYN, JOHN DOE #3,
individual and official capacity as employees of
CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.;
BACKPAGE.COM, LLC.; SPRINT NEXTEL CORP.;
T-MOBILE USA, INC.; FACEBOOK, INC.; GOOGLE, INC.;
TIME WARNER CABLE, INC.; RESEARCH IN MOTION, LTD.;
MUNICIPAL CREDIT UNION; CAPITAL ONE, N.A.;
JPMORGAN CHASE BANK, N.A.; and their unknown
Custodian of Records CUSTODIAN #1-10,

Defendants.

GOLD, M.J.

COMPLAINT
under the
U.S. Constitution
pursuant to
42 U.S.C. § 1983,
et cetera

CASE NUMBER:

RECEIVED
JAN 13 2015
PRO SE OFFICE

JURY DEMANDED

JURISDICTION AND VENUE

1. This action arises under the United States Constitution, particularly
under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, Electronic
Communications Privacy Act ("ECPA"), Stored Communications Act ("SCA"), Right
to Financial Privacy Act ("RFPA"), Driver's Privacy Protection Act ("DPPA"),
and New York Law.

2. This Court has federal question jurisdiction over this action pursuant to
28 U.S.C. § 1331 as this civil action arises under the constitution and
federal law: Civil Rights Act, 28 U.S.C. § 1343(a)(3); Electronic
Communications Privacy Act, 18 U.S.C. § 2520(a); Stored Communications Act,
18 U.S.C. § 2707(a); Right to Financial Privacy Act, 12 U.S.C. § 3416; and
Driver's Privacy Protection Act, 18 U.S.C. § 2724(a);

3. This Court has diversity of citizenship jurisdiction pursuant to 28
U.S.C. § 1332 as there is complete diversity between all opposite parties and
the amount in controversy exceeds the sum of $75,000; and supplemental
jurisdiction over all other related claims as they form part of the same case
or controversy pursuant to 28 U.S.C. § 1367.

4. This Court is the appropriate venue under 28 U.S.C. § 1391 because a
substantial part of the events, omissions, transactions, acts, practices and
courses of business constituting the actions complained of occurred within
the State of New York, particularly the seizure of persons and property
located in Queens County and elsewhere.

PARTIES

5. Plaintiff ROYCE CORLEY, pro se, is currently a federal prisoner confined at the Federal Correctional Institution in Danbury, Connecticut. Plaintiff informally doing business as "Ron Iron" provided advertising and web development services to escort, therapeutic and adult-oriented businesses. Plaintiff was an employee of defendant CECONY from December 2008 until termination in May 2012. Plaintiff, at all relevant times, was a user, customer and aggrieved party of defendant financial institutions, electronic communication and remote computing service providers.

6. Defendant CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York liable under <u>Monell v. Dep't of Social Servs.,</u> 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) and subject to the Court's personal jurisdiction.

7. Defendants District Attorney CYRUS R. VANCE, JR., Assistant District Attorneys DAVID STUART, JOHN TEMPLE, GREG WEISS, ELIZABETH PEDERSON and unknown DANY PERSONNEL (singular or plural), are members of the District Attorney's Office for the County of New York ("DANY"), sued in their individual and official capacity as public officers of the CITY OF NEW YORK. Defendants are residents of New York and subject to the Court's personal jurisdiction.

8. Defendants Deputy Chief BRIAN CONROY, Sergeant MICHAEL DALY, Lead Detective MARK WOODS, Detective JESSICA STERLING, Detective GIANCARLO CAVALLO are members of the Vice Enforcement Division ("VICE") together with Police Officer GREG SMITH and unknown NYPD PERSONNEL (singular or plural), are members of the New York City Police Department ("NYPD"), sued in their individual and official capacity as public officers of the CITY OF NEW YORK. Defendants are residents of New York and subject to the Court's personal jurisdiction.

9. Defendants Director SHARI C. HYMAN, Chief Legal Officer of the Civil Enforcement Unit JOHN DOE #1, Chief Legal Officer of Midtown Enforcement JOHN DOE #2 and unknown OSE PERSONNEL (singular or plural), are members of the Mayor's Office of Special Enforcement ("OSE") a/k/a "Office of Midtown Enforcement" f/k/a "Midtown Enforcement Project," sued in their individual and official capacity as public officers of the CITY OF NEW YORK. Defendants are residents of New York and subject to the Court's personal jurisdiction.

10. Defendants Corporate Security WALTER PANCHYN, General Manager of Central Field Services MICHAEL T. HAGGERTY and unknown Custodian of Records JOHN DOE #3 are agents and employees of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ("CECONY"), a New York corporation. Defendants are residents of New York and subject to the Court's personal jurisdiction.

11. Defendants BACKPAGE.COM, LLC., an Arizona Limited Liability Company with members/owners Village Voice Media Holdings, LLC and New Times Media, LLC being New York and Delaware citizens; and its unknown Custodian of Records CUSTODIAN #1 (singular or plural) collectively ("BACKPAGE") are citizens of Arizona and subject to the Court's personal jurisdiction, with significant contacts in this District.

12. Defendants SPRINT NEXTEL CORP., a Kansas corporation and its unknown Custodian of Records CUSTODIAN #2 (singular or plural) collectively ("SPRINT") are citizens of Kansas, and subject to the Court's personal jurisdiction, with significant contacts in this District.

13. Defendants T-MOBILE USA, INC., a Delaware corporation and its unknown Custodian of Records CUSTODIAN #3 (singular or plural) collectively ("T-MOBILE") are citizens of Delaware, and subject to the Court's personal jurisdiction, with significant contacts in this District.

14. Defendants FACEBOOK, INC., a Delaware corporation and its unknown Custodian of Records CUSTODIAN #4 (singular or plural) collectively ("FACEBOOK") are citizens of Delaware, and subject to the Court's personal jurisdiction, with significant contacts in this District.

15. Defendants GOOGLE, INC., a Delaware corporation and its unknown Custodian of Records CUSTODIAN #5 (singular or plural) collectively ("GOOGLE") are citizens of Delaware and subject to the Court's personal jurisdiction, with significant contacts in this District.

16. Defendants TIME WARNER CABLE, INC., a Delaware corporation and its unknown Custodian of Records CUSTODIAN #6 (singular or plural) collectively ("TWC") are citizens of Delaware and subject to the Court's personal jurisdiction, with significant contacts in this District.

17. Defendants RESEARCH IN MOTION, LTD. and its unknown Custodian of Records CUSTODIAN #7 (singular or plural) collectively ("RIM") are citizens of Canada.

18. Defendants MUNICIPAL CREDIT UNION, a federally insured financial institution, and its unknown Custodian of Records CUSTODIAN #8 (singular or plural) collectively ("MCU") are citizens of New York, and subject to the Court's personal jurisdiction.

19. Defendants CAPITAL ONE, N.A. a Virginia banking corporation and its unknown Custodian of Records CUSTODIAN #9 (singular or plural) collectively ("CAPITAL ONE") are citizens of Virginia and subject to the Court's personal jurisdiction, with significant contacts in this District.

20. Defendants JPMORGAN CHASE BANK, N.A. a New York banking corporation and its unknown Custodian of Records CUSTODIAN #10 (singular or plural) collectively ("CHASE") are citizens of New York and subject to the Court's personal jurisdiction.

21. Defendants are joined due to the claims arising out of the same transactions and occurrences, or series thereof and questions of law and fact which are common to all defendants pursuant Fed. R. Civ. P. 20(a)(2).

GENERAL ALLEGATIONS
(Note: Asterisk (*) Under Seal)

A. Case Background:

22. In and around 2007 through January 2012 Plaintiff was informally doing business under the nom de guerre "Ron Iron" providing advertising and web development services to escort, therapeutic and adult-oriented businesses.

23. In December 2008 through May 2012, Plaintiff was employed with Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ("CECONY") as a union "Electrical Technician L1-2" until terminated for "Standards of Business Conduct" violations.

24. Plaintiff, at all relevant times, was a customer, user or aggrieved person of financial institution, electronic communication or remote computing service defendants BACKPAGE, SPRINT, T-MOBILE, FACEBOOK, GOOGLE, TWC, RIM, MCU, CAPITAL ONE, CHASE, and non-defendant METROPCS.

25. In or around November 2009 an individual named *J.W. a/k/a "Jeff," who was convicted of promoting prostitution, vindictively forwarded personal information about the Plaintiff to law enforcement. Around this time defendants NYPD, DANY and OSE initiate an investigation into the business activities of "Ron Iron."

26. In or around November 2009 through September 2012 defendants NYPD, DANY and Assistant District Attorney Elizabeth Pederson unlawfully accessed, obtained and intercepted wire, oral and electronic communications and illegally obtained financial records belonging to the Plaintiff. Defendant electronic communication services, remote computing services and financial institutions unlawfully disclosed wire, oral and electronic communications and financial records without the legal authority and notice required under federal law. Plaintiff has not been provided with any court orders, subpoenas, warrants or notices in relation to any of these disclosures.

B. Outrageous Government Conduct:

27. On or around August 13, 2011 Plaintiff meets *E.S.W. a/k/a "Minna" at a dinner party given by *J.M.L. a/k/a "Phebe" in Manhattan. The next day on or around August 14, 2011 Minna is beaten and sexually assaulted by her boyfriend *N.J. a/k/a "Nate," who is subsequently arrested by the NYPD Special Victims Unit.

28. On or around August 17, 2011 during an interrogation Nate, as his alibi, accuses the Plaintiff of pimping and assaulting his girlfriend Minna. District Attorney Cyrus R. Vance, Jr., Assistant District Attorneys David Stuart, John Temple, Greg Weiss and unknown DANY Personnel direct their on-going investigation into Plaintiff's associations with Minna and Phebe.

29. On or around August 17, 2011 through January 12, 2012 District Attorney Cyrus R. Vance, Jr., Assistant District Attorneys David Stuart, John Temple, Greg Weiss, unknown DANY Personnel, Deputy Chief Brian Conroy, Detective Mark Woods, Sgt. Michael Daly, Detective Jessica Sterling, Detective Giancarlo Cavallo and unknown NYPD Personnel induce Minna to work as a confidential informant and "prostitute" to manufacture probable cause for wiretaps, court orders, subpoenas, search warrants and ultimately Plaintiff's arrest. During this same time period, the aforementioned defendants also induced Minna to assist with investigating alleged brothel owner *W.D. a/k/a "Billz", alleged pimp *D.J.U. a/k/a "Jerry", alleged pimp *R.G.G. a/k/a "Giovanni" and others.

30. Around August 17, 2011 through January 10, 2012 defendants NYPD and DANY conduct "sting operations" targeting individuals they believed to be associated with the Plaintiff, through online advertisements posted on Backpage. However these targeted individuals decline to offer the undercover operatives sexual acts in exchange for money. In at least one instance unknown NYPD Personnel, at the direction of Detective Woods, unlawfully search the apartment of an individual named *T.B. a/k/a "Janel" without making an arrest, after she declined to offer sexual acts for money.

31. On or around January 10, 2012 Detective Woods contacts Janel, through advertisements posted on Backpage, and schedules a date with "two girls" for his "birthday" on January 12, 2012 at 6:00pm.

32. On January 11, 2012 Detective Woods, ADA David Stuart, NYPD Personnel and DANY Personnel instruct informant Minna to met with Janel to obtain keys for an apartment, which would ultimately be the site of the scheduled sting operation.

33. On January 12, 2012 defendants NYPD transport Minna to a Manhattan *apartment with keys to prepare for the sting operation. That evening Janel arrives after speaking with the "birthday boy" about keeping his appointment. Around 6:00pm Detective Giancarlo Cavallo arrives pretending to be the "birthday boy." Janel declines to offer Detective Cavallo any sexual acts for money, however at the instruction of law enforcement, Minna offers to "do doggystyle for $160." Each woman is arrested by Detective Woods and NYPD Personnel after this exchange.

C. Conspiracy to Violate Due Process

34. In or around October 2011 defendants DANY and NYPD direct confidential informant Minna to entice Phebe to contact the Plaintiff in order to facilitate a sting operation. Defendants knowing Minna and Phebe to be minors that misrepresent themselves as adults, sometimes using fake IDs. However Plaintiff declines to do any business with Phebe. When those attempts fail, defendants DANY and NYPD instruct Minna to entice Phebe to work for alleged brothel owner "Billz" and alleged pimp "Jerry."

35. On or around October 27, 2011 Police Officer Greg Smith contacts Phebe through Facebook. Through these Facebook messages recorded by MetroPCS, Officer Smith acknowledges that he is a police officer and friends of her father *R.B.L. a/k/a "Dick." Officer Smith requests nude images of Phebe and any websites where she may have other nude images. Phebe then provides Officer Smith with nude images and websites to find others. Officer Smith sought these images to assist co-defendants DANY and NYPD with violating Plaintiff's constitutional rights.

36. On or around November 3, 2011 defendants NYPD and DANY with the assistance of their informant Minna and co-defendant Greg Smith, arrest Phebe for unknown reasons. From this time through January 2012 the aforementioned defendants induce Phebe to work as a confidential informant, threatening to arrest her boyfriend *T.M. a/k/a "Tim" for statutory rape if she fails to cooperate. She is instructed to contact the Plaintiff in an attempt to facilitate a sting operation, however these efforts are rejected.

D. Fabricated Evidence and Witness Tampering

37. In or around August 2011 through September 2012 defendants NYPD and DANY fabricate evidence and tamper with witnesses in order to unlawfully obtain court orders, subpoenas and search warrants, to intercept wire, oral and electronic communications, and to access stored communications and financial records.

38. Detective Woods, ADA David Stuart, NYPD Personnel and DANY Personnel fabricate and tamper with Backpage advertisements by altering "AdOId" identification numbers of those posted by the Plaintiff, with those of ads posted by other individuals, or created by the defendants. Backpage and its Custodian of Records Custodian #1 aided and abetted its co-defendants with this fabrication; by granting them unlimited access to password-protected accounts without the proper legal authority. Within each Backpage account is subscriber information, IP addresses and financial records, including credit card account numbers.

39. ADA David Stuart unlawfully accesses a "Ron Iron" Facebook account and fabricates or alters electronic data to include himself on a "friend's list" to access password-protected and private information, which is inaccessible to the public.

40. Detective Woods, ADA David Stuart, NYPD Personnel and DANY Personnel knowingly use false statements from informant Minna that she was enticed into prostitution, and coerced Janel to give false statements, that she was forced into prostitution; to manufacture probable cause for court orders, subpoenas, warrants and ultimately Plaintiff's arrest.

41. Detective Woods, ADA David Stuart, NYPD Personnel and DANY Personnel use this manufactured evidence to illegally access bank records (i.e., MCU, Capital One, Chase); intercept phone calls and text messages (i.e., T-Mobile, Sprint, MetroPCS); and other electronic communications (i.e., Backpage, Facebook, Google, RIM, TWC).

E. False Arrest and Imprisonment

42. On or around January 24, 2012 defendants General Manager Michael T. Haggerty and Corporate Security Walter Panchyn order the Plaintiff to meet at a CECONY location in Queens County, under the guise of discussing a recent suspension.

43. On January 25, 2012 Plaintiff arrives to this "meeting" around 11:00am and is met by Corporate Security Walter Panchyn, a retired NYPD Officer, then escorted to a back office to be unlawfully detained. Mr. Panchyn locks the Plaintiff in this office and retrieves NYPD officers around 12:30pm. Plaintiff is then handcuffed by Detective Woods and all items are removed from his person. Plaintiff is then "pedigreed" and transferred to the Manhattan North precinct by Sgt. Michael Daly and Detective Jessica Sterling.

44. On January 26, 2012 the Plaintiff is arraigned in New York County Criminal Court before the Hon. Abraham L. Clott. Defendant ADA David Stuart makes materially false statements in support of its bail application; in substance stating "[Plaintiff] has $50,000 in illegal proceeds and recruited girls from ACS," resulting in Plaintiff being remanded to custody on $150,000 bail. Plaintiff is also indicted by a Manhattan Grand Jury this same day.

45. From January 26, 2012 through January 29, 2013 the Plaintiff is confined to the custody of the New York City Department of Correction until transferred to federal custody. During this time period, defendants are derelict in prosecuting its case against the Plaintiff.

46. On February 1, 2013 defendants District Attorney Cyrus R. Vance, Jr. and ADA Greg Weiss dismiss all charges, thus terminating the proceeding in Plaintiff's favor.

F. Unlawful Search & Seizure

47. On January 25, 2012 after the Plaintiff is arrested, several items are removed from his person, to wit: two cell phones, electronic media and credit cards. This same day Plaintiff's CECONY office and work computer are searched and seized without a warrant; and his apartment is searched pursuant to a search warrant based on the bogus sting operation, stale evidence, fabricated evidence and tampered witness statements. Despite using a warrant, defendants had no probable cause to search Plaintiff's apartment and did so as a "fishing expedition."

48. On or around February 1, 2012 Plaintiff's cell phones and electronic media are searched by defendants Detective Woods, ADA David Stuart, NYPD Personnel and DANY Personnel pursuant to a search warrant based on the bogus sting operation, fabricated evidence and false statements.

G. Malicious Abuse of Process

49. On January 25, 2012 during an interrogation, Detective Woods informs the Plaintiff that District Attorney Cyrus R. Vance, Jr., DANY Personnel and OSE Personnel are interested in Plaintiff's cooperation regarding the owners of apartment buildings alleged to be involved with illegal activities. Detective Woods indicates that confidential informants Minna and Phebe are minors and threatens federal prosecution if Plaintiff does not cooperate. Upon declining to cooperate, Detective Woods drafts a criminal complaint and Plaintiff is then transferred to central booking.

50. Director Shari C. Hyman, Chief Legal Officer of the Civil Enforcement Unit John Doe #1, Chief Legal Officer of Midtown Enforcement John Doe #2 and OSE Personnel assisted co-defendants NYPD and DANY in various capacities with the investigation of the Plaintiff; to aid in its current and pending nuisance abatement proceedings, under N.Y.C. Administrative Code § 7-707 et seq., against numerous *Manhattan property owners; knowing that unlawful acts would be committed in furtherance of that goal.

51. From February 15, 2012 through May 30, 2012, Plaintiff sent correspondences to employer CECONY, in an effort to seek a lower bail by obtaining proof of current employment. District Attorney Cyrus R. Vance, Jr., ADA David Stuart and DANY Personnel with knowledge of Plaintiff's attempts, deliberately abuse the grand jury process by unlawfully disclosing grand jury evidence to co-defendants CECONY; in violation of N.Y. Crim. Proc. Law § 190.25(4)(a) and N.Y. Penal Law § 215.70, which prohibits the disclosure of grand jury proceedings. As a result of these felonious acts, Plaintiff was terminated by employer CECONY based on this disclosure of grand jury evidence.

H. Malicious Prosecution

52. On January 25, 2012 through February 1, 2013 District Attorney Cyrus R. Vance, Jr., ADA David Stuart, ADA Greg Weiss and DANY Personnel initiated and continued a prosecution against the Plaintiff for two counts of Promoting Prostitution in the Third Degree, N.Y. Penal Law § 230.25(1)&(2), knowing that the underlying sting operation was illegally manufactured, none of the evidence would be admissible at trial and the required "prostitute accomplices," under N.Y. Penal Law § 230.35, were coerced to give false statements.

53. Defendants DANY also knew the bogus sting operation manufactured New York Supreme Court jurisdiction by inducing an underage informant to participate. Without the inducement of the underage informant, the only potential crime to charge was Promoting Prostitution in the Fourth Degree pursuant to N.Y. Penal Law § 230.20, Class-A misdemeanor punishable by a maximum of one year imprisonment.

I. Speedy Trial

54. On February 15, 2012 Plaintiff is arraigned in New York County Supreme Court on Indictment No. 423/2012 before the Hon. Bonnie G. Wittner and further committed to custody, albeit on lower $25,000 bail.

55. On May 15, 2012 and June 27, 2012 defendants District Attorney Cyrus R. Vance, Jr. and DANY Personnel indicate on the record in open court, they are not ready for trial. On July 31, 2012 they state ready for trial. On September 10, October 9 and November 13, 2012 they state not ready for trial.

56. On December 4, 2012 Plaintiff files a motion for speedy trial release pursuant to N.Y. Crim. Proc. Law § 30.30, due to over ninety (90) days delay charged to the prosecution. Defendants DANY indicate on the record in open court, they are not ready for trial.

57. On December 12, 2012 Plaintiff's motion for speedy trial release is denied after ADA Greg Weiss indicates that the District Attorney is planning to transfer the prosecution to federal jurisdiction, and further indicate they are not ready for trial.

58. On December 20, 2012 and January 24, 2012 defendants DANY indicate on the record in open court, they are not ready for trial and are waiting for the federal government to initiate a prosecution.

59. On February 1, 2013 District Attorney Cyrus R. Vance, Jr. dismisses all charges against the Plaintiff, thus causing over one year of unjustified speedy trial delay and suppression of its iniquities.

J. Right to Privacy

60. In or around November 2009 through September 2012 defendants NYPD and DANY knowingly violate Plaintiff's right to privacy by unlawfully intercepting his wire, oral and electronic communications through Sprint, T-Mobile, TWC and MetroPCS; unlawfully accessing and obtaining subscriber information, text messages, e-mails, instant messages, financial records and other communications through Backpage, Sprint, T-Mobile, MetroPCS, Facebook, Google, TWC, RIM, MCU, Capital One and Chase; and making false representations to obtain motor vehicle records and highly restricted personal information, without the proper legal authority required under the Electronic Communications Privacy Act, Stored Communications Act, Right to Financial Privacy Act and Driver's Privacy Protection Act.

61. In or around November 2009 through September 2012 defendants Backpage, Sprint, T-Mobile, Facebook, Google, TWC, RIM, MCU, Capital One, Chase and their Custodian of Records Custodian #1-10 knowingly violate Plaintiff's right to privacy by unlawfully disclosing personal subscriber information, text messages, e-mails, instant messages, financial records and other communications without the proper legal authority and notice as required under the Electronic Communications Privacy Act, Stored Communications Act and Right to Financial Privacy Act.

62. In or around November 2009 through September 2012 defendants MCU, Capital One, Chase and CECONY knowingly violate Plaintiff's right to privacy by unlawfully disclosing his motor vehicle records and highly restricted personal information to co-defendants NYPD and DANY in violation of the Driver's Privacy Protection Act.

63. In or around June 2013 Plaintiff discovered, from federal discovery disclosures, the defendants unlawful interception, access and disclosure of Plaintiff's personal matters which resulted in unconstitutional invasion of privacy, harassment, false arrest, false imprisonment and emotional distress.

K. New York Law

64. The defendants intentional and grossly negligent acts and omissions collectively caused the Plaintiff to suffer emotional distress from the false arrest, public disclosure of personal matters, searches of the body, home and office, over one year of oppressive confinement on Rikers Island, loss of employment, public scrutiny in the media and loss of consortium.

65. Defendants Backpage committed common law fraud by omitting from their 'Terms of Service' that their online advertisement service is a covert tool for law enforcement, giving them unrestricted access to subscriber information and financial records without any legal authority. Plaintiff reasonably believed that all communications and transactions with the online service backpage.com would be unaccessible to a third-party.

## CIVIL LIABILITY

66. Defendant CITY OF NEW YORK is liable for damages due to the customs, policies and decisions adopted by the municipality and implemented by its agents and employees. In particular its municipal agencies NYPD, DANY and OSE adopted a decision, implemented by its agents, to knowingly use underage confidential informants to participate in the investigation of the Plaintiff and at least three other individuals suspected of promoting prostitution; and adopted a decision to harass the Plaintiff by invading his privacy, fabricating evidence, witness tampering, false imprisonment, conspiring, abusing legal process, malicious prosecution, engaging in promoting prostitution pursuant to N.Y. Penal Law § 230.25(2), sex trafficking pursuant to N.Y. Penal Law § 230.34(5)(g) and other unlawful acts.

67. Defendant CITY OF NEW YORK and its policymakers District Attorney CYRUS R. VANCE, JR. of DANY, Deputy Chief BRIAN CONROY of VICE and Director SHARI C. HYMAN of OSE, have created a policy and custom of deliberately implementing unconstitutional sting operations to aid in the enforcement of nuisance abatement proceedings under N.Y.C. Administrative Code § 7-703(a) and state law. These policymakers have also failed to correct its unlawful enforcement strategies after a history of the repeated use of improper and illegal tactics, e.g., Pinter v. City of New York, 448 Fed. Appx. 99 (2d Cir. 2011); Crosby v. City of New York, 269 F.R.D. 267 (S.D.N.Y. June 22, 2010), et al. They adopted a practice of coercing individuals to engage in prostitution to facilitate the investigation of suspected promoters, as detailed in the published memoir of Rebecca Kade: "Call Girl Confidential: An Escort's Secret Life as an Undercover Agent," (c) 2014, ISBN: 978-1-4767-2681-6; pgs. 99-111, 137-138 and 165-172 (describing Ms. Kade being induced to engage in prostitution by the Manhattan District Attorney to investigate a suspected madame).

68. Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. is liable for damages due to the failure to properly train its employees on matters involving law enforcement and the legalities of participating in warrantless arrests. Defendant is also liable due to the decisions of its policymaker-employee MICHAEL T. HAGGERTY, General Manager of Central Field Services—with the authority to hire and fire—to participate in the warrantless arrest and false imprisonment of the Plaintiff.

69. Defendant remote computing service, electronic communication service and financial institutions BACKPAGE, SPRINT, T-MOBILE, FACEBOOK, GOOGLE, TWC, RIM, MCU, CAPITAL ONE and CHASE are liable for damages due to the failure to properly train its unknown Custodian of Records CUSTODIAN #1-10 on matters involving law enforcement, the legalities of disclosing information to government entities and required legal authority, e.g., court orders, subpoenas, warrants, etc.

70. Defendant-prosecutors CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS, ELIZABETH PEDERSON, DANY PERSONNEL and quasi-prosecutors SHARI C. HYMAN, JOHN DOE #1-2 and OSE PERSONNEL are not entitled to prosecutorial immunity and therefore liable, due to their role as investigators, direct participants and otherwised aiders and abettors acting outside the scope of their prosecutorial duties and employment.

CIVIL RIGHTS VIOLATIONS

71. Plaintiff repeats as if fully set forth here the allegations in Paragraphs 1 through 70, above. For COUNTS I through XIII, the defendants are liable for compensatory damages, punitive damages and costs pursuant to 42 U.S.C. §§ 1983 and 1988(b).

COUNT I
Outrageous Government Conduct
42 U.S.C. § 1983

72. In or around August 2011 through January 2012, in the Eastern District of New York, and elsewhere, defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS, DANY PERSONNEL, BRIAN CONROY, MICHAEL DALY, MARK WOODS, JESSICA STERLING, GIANCARLO CAVALLO, GREG SMITH, NYPD PERSONNEL, SHARI C. HYMAN, JOHN DOE #1-2 and OSE PERSONNEL in their individual and official capacity as public officers of defendant CITY OF NEW YORK, acting under the color of state law, knowingly violated Plaintiff ROYCE CORLEY's substantive due process rights under the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, through engaging in outrageous government conduct by promoting prostitution under N.Y. Penal Law § 230.25(2), sex trafficking under N.Y. Penal Law § 230.34(5)(g) and otherwised unlawful acts and willfully aiding, abetting, counseling, commanding or inducing the acts thereof, which resulted in Plaintiff's arrest, imprisonment, invasion of privacy, loss of employment and emotional distress. To wit: defendants induced E.S.W. a/k/a "Minna" and J.M.L. a/k/a "Phebe" to work as confidential informants and engage in prostitution, to facilitate its investigation and surveillance of the Plaintiff.

COUNT II
Conspiracy
42 U.S.C. § 1983

73. In or around August 2011 through January 2012, in the Eastern District of New York, and elsewhere, defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS and DANY PERSONNEL collectively ("DANY") with BRIAN CONROY, MICHAEL DALY, MARK WOODS, JESSICA STERLING, GIANCARLO CAVALLO, GREG SMITH and NYPD PERSONNEL collectively ("NYPD") and SHARI C. HYMAN, JOHN DOE #1-2 and OSE PERSONNEL collectively ("OSE"), in their individual and official capacity as public officers of defendant CITY OF NEW YORK, acting under the color of state law, knowingly conspired to violate Plaintiff ROYCE CORLEY's substantive due process rights under the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, through defendants agreement in concert, collectively as DANY, NYPD and OSE to engage in promoting prostitution under N.Y. Penal Law § 230.25(2), sex trafficking under N.Y. Penal Law § 230.34(5)(g), fabricate evidence, abuse legal process, witness tampering, invasion of privacy and did commit such overt acts in furtherance of that goal and did willfully aid, abet, counsel, command or induce the acts thereof, which resulted in Plaintiff's arrest, imprisonment, invasion of privacy, loss of employment and emotional distress. To wit: defendants conspired and did commit overt acts to induce E.S.W. a/k/a "Minna" and J.M.L. a/k/a "Phebe" to work as confidential informants and engage in prostitution, fabricated Backpage.com and Facebook records, coerced false statements from "Minna" and T.B. a/k/a "Janel," obtained nude images of "Phebe," abused court orders, subpoenas and warrants, and unlawfully intercepted, accessed and obtained Plaintiff's electronic communications.

COUNT III
Harassment
42 U.S.C. § 1983

74. In or around November 2009 through September 2012, in the Eastern
District of New York, and elsewhere, defendants CYRUS R. VANCE, JR., DAVID
STUART, JOHN TEMPLE, GREG WEISS, ELIZABETH PEDERSON, DANY PERSONNEL, BRIAN
CONROY, MICHAEL DALY, MARK WOODS, JESSICA STERLING, GIANCARLO CAVALLO, GREG
SMITH, NYPD PERSONNEL, SHARI C. HYMAN, JOHN DOE #1-2 and OSE PERSONNEL in
their individual and official capacity as public officers of defendant CITY
OF NEW YORK, acting under the color of state law, knowingly violated
Plaintiff ROYCE CORLEY's due process rights under the Fourteenth Amendment of
the U.S. Constitution pursuant to 42 U.S.C. § 1983, through engaging in a
systematic and intentional pattern of harassment by abusing legal process to
deliberately invade Plaintiff's privacy without probable cause and reliance
on information known to be incredible and willfully aiding, abetting,
counseling, commanding or inducing the acts thereof, which resulted in
Plaintiff's arrest, imprisonment, invasion of privacy and emotional distress.

COUNT IV
Evidence Tampering
42 U.S.C. § 1983

75. In or around August 2011 through September 2012, in the Eastern District
of New York, and elsewhere, defendants BACKPAGE.COM, LLC and CUSTODIAN #1
collectively with defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE,
GREG WEISS, DANY PERSONNEL, BRIAN CONROY, MICHAEL DALY, MARK WOODS, NYPD
PERSONNEL, in their individual and official capacity as public officers of
defendant CITY OF NEW YORK, acting under the color of state law, knowingly
violated Plaintiff ROYCE CORLEY's due process rights under the Fourteenth
Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, through
tampering with Backpage and Facebook records, using said evidence or
forwarding to prosecutors for use against Plaintiff ROYCE CORLEY, and
willfully aided, abetted, counselled, commanded or induced the acts thereof,
resulting in Plaintiff's arrest, imprisonment, invasion of privacy and
emotional distress.

COUNT V
Witness Tampering
42 U.S.C. § 1983

76. In or around August 2011 through September 2012, in the Eastern District
of New York, and elsewhere, defendants CYRUS R. VANCE, JR., DAVID STUART,
JOHN TEMPLE, GREG WEISS, DANY PERSONNEL, BRIAN CONROY, MICHAEL DALY, MARK
WOODS, JESSICA STERLING, GIANCARLO CAVALLO, GREG SMITH and NYPD PERSONNEL, in
their individual and official capacity as public officers of defendant CITY
OF NEW YORK, acting under the color of state law, knowingly violated
Plaintiff ROYCE CORLEY's due process rights under the Fourteenth Amendment of
the U.S. Constitution pursuant to 42 U.S.C. § 1983, through tampering with
material witnesses and using said statements against the Plaintiff, or
forwarding to prosecutors for use, and willfully aiding, abetting,
counseling, commanding and inducing the acts thereof, resulting in
Plaintiff's arrest, imprisonment, invasion of privacy, loss of employment and
emotional distress. To wit: defendants coerced E.S.W. a/k/a "Minna" and T.B.
a/k/a "Janel" to give false statements indicating they were enticed or forced
into prostitution, respectively.

COUNT VI
False Imprisonment
42 U.S.C. § 1983

77. On January 25, 2012, in Queens County, New York, defendants MICHAEL T. HAGGERTY and WALTER PANCHYN, in their individual and official capacity as employees of defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., collectively with defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS, DANY PERSONNEL, BRIAN CONROY, MICHAEL DALY, MARK WOODS, JESSICA STERLING and NYPD PERSONNEL, in their individual and official capacity as public officers of defendant CITY OF NEW YORK, acting under the color of state law, knowingly violated Plaintiff ROYCE CORLEY's fourth amendment rights via the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, by unlawfully detaining Plaintiff in a locked room for over an hour, and willfully aiding, abetting, counseling, commanding or inducing such act, without his consent, which was warrantless and without probable cause, resulting in Plaintiff's arrest, further imprisonment, invasion of privacy and emotional distress.

COUNT VII
False Arrest
42 U.S.C. § 1983

78. On January 25, 2012, in the Eastern District of New York, and elsewhere defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS, DANY PERSONNEL, BRIAN CONROY, MICHAEL DALY, MARK WOODS, JESSICA STERLING, GIANCARLO CAVALLO, GREG SMITH, NYPD PERSONNEL, SHARI C. HYMAN, JOHN DOE #1-2 and OSE PERSONNEL, in their individual and official capacity as public officers of defendant CITY OF NEW YORK, acting under the color of state law, knowingly violated Plaintiff ROYCE CORLEY's fourth amendment rights via the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, by falsely arresting and confining the Plaintiff, and willfully aiding, abetting, counseling, commanding or inducing such acts, without his consent, which was warrantless and without probable cause, based on illegally obtained evidence and otherwise unlawful acts, resulting in Plaintiff's imprisonment, invasion of privacy and emotional distress.

COUNT VIII
Unlawful Search & Seizure
42 U.S.C. § 1983

79. In or around January 2012 through September 2012, in the Eastern District of New York, and elsewhere, defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS, DANY PERSONNEL, BRIAN CONROY, MICHAEL DALY, MARK WOODS, JESSICA STERLING, GIANCARLO CAVALLO, GREG SMITH and NYPD PERSONNEL, in their individual and official capacity as public officers of defendant CITY OF NEW YORK, acting under the color of state law, knowingly violated Plaintiff ROYCE CORLEY's fourth amendment rights via the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, by unlawfully searching Plaintiff's person, *apartment, CECONY office and computer, electronic devices and media, and willfully aiding, abetting, counseling, commanding or inducing such acts, without his consent or probable cause, based on illegally obtained evidence and otherwised unlawful acts, resulting in Plaintiff's property loss, invasion of privacy and emotional distress.

COUNTS IX-X
Malicious Abuse of Process
42 U.S.C. § 1983

80. In or around November 2009 through September 2012, in the Eastern District of New York, and elsewhere, defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS, DANY PERSONNEL, SHARI C. HYMAN, JOHN DOE #1-2 and OSE PERSONNEL, in their individual and official capacity as public officers of defendant CITY OF NEW YORK, acting under the color of state law, knowingly violated Plaintiff ROYCE CORLEY's due process rights via the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, by employing regularly issued criminal and civil process of court orders, subpoenas, warrants, grand jury proceedings and arrests to compel the performance or forbearance of various acts with the intent to maliciously deprive the Plaintiff of liberty and property, in order to obtain the collateral objective of Plaintiff's cooperation in Nuisance Abatement Law proceedings pursuant to N.Y.C. Administrative Code §§ 7-707, et seq., against *Manhattan property owners, which is outside the legitimate ends of the process.

81. In or around May 2012, in the Eastern District of New York, and elsewhere, defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS and DANY PERSONNEL, in their individual and official capacity as public officers of defendant CITY OF NEW YORK, acting under the color of state law, knowingly violated Plaintiff ROYCE CORLEY's due process rights via the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, by abusing the grand jury process, with the malicious intent of depriving the Plaintiff of property and employment, disclosing grand jury evidence to Plaintiff's employer CECONY; in violation of N.Y. Crim. Proc. Law § 190.25(4)(a) and N.Y. Penal Law § 215.70, which is outside the legitimate ends of the process.

COUNT XI
Malicious Prosecution
42 U.S.C. § 1983

82. In or around January 2012 through February 2013, in the Eastern District of New York, and elsewhere, defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS and DANY PERSONNEL, in their individual and official capacity as public officers of defendant CITY OF NEW YORK, acting under the color of state law, knowingly violated Plaintiff ROYCE CORLEY's fourth amendment rights as pleaded in COUNTS VI-VII, via the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, by commencing and continuing a criminal proceeding, that proceeding thereafter terminating in Plaintiff's favor, with the defendants having no probable cause for the proceeding, which was instituted with malice.

COUNT XII
Speedy Trial
42 U.S.C. § 1983

83. In or around January 2012 through February 2013, in the Eastern District of New York, and elsewhere, defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS and DANY PERSONNEL, in their individual and official capacity as public officers of defendant CITY OF NEW YORK, acting under the color of state law, knowingly violated Plaintiff ROYCE CORLEY's sixth amendment rights via the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, by instituting a malicious prosecution as pleaded in COUNT XI and intentionally delaying 375 days to dismiss its case, after Plaintiff asserted his right to a speedy trial under N.Y. Crim. Proc.

Law § 30.30; defendants thereafter forward prosecution to federal authorities to suppress its iniquities, resulting in Plaintiff's 370 days of confinement by the N.Y.C. Department of Correction and emotional distress.

COUNT XIII

Privacy

42 U.S.C. § 1983

84. From November 2009 through September 2012, in the Eastern District of New York, and elsewhere, defendants MICHAEL T. HAGGERTY, WALTER PANCHYN, JOHN DOE #3, in their individual and official capacity as employees of defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., BACKPAGE.COM, LLC., SPRINT NEXTEL CORP., T-MOBILE USA, INC., FACEBOOK, INC., GOOGLE, INC., TIME WARNER CABLE, INC., RESEARCH IN MOTION, LTD., MUNICIPAL CREDIT UNION, CAPITAL ONE, N.A., JPMORGAN CHASE BANK, N.A. and CUSTODIAN #1-10, collectively with defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS, ELIZABETH PEDERSON, DANY PERSONNEL, BRIAN CONROY, MICHAEL DALY, MARK WOODS, JESSICA STERLING, GIANCARLO CAVALLO, GREG SMITH, NYPD PERSONNEL, SHARI C. HYMAN, JOHN DOE #1-2 and OSE PERSONNEL, in their individual and official capacity as public officers of defendant CITY OF NEW YORK, acting under the color of state law, knowingly violated Plaintiff ROYCE CORLEY's first and fourth amendment rights to privacy via the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, by intentionally accessing, intercepting or disclosing Plaintiff's communications, personal information and financial records, which Plaintiff had a reasonable expectation of privacy in, or willfully aided, abetted, counseled, commanded and induced the acts thereof, which resulted in Plaintiff's unlawful arrest, imprisonment, loss of employment and emotional distress.

PRIVACY RIGHTS VIOLATIONS

85. Plaintiff repeats as if fully set forth here the allegations in Paragraphs 1 through 70, above. For COUNTS XIV through XXI, defendants are liable for: actual and statutory damages pursuant to 12 U.S.C. § 3417(a), 18 U.S.C. §§ 2520(b)(2), 2707(b)(2) and 2724(b)(1); punitive damages pursuant to 12 U.S.C. § 3417(a)(3), 18 U.S.C. §§ 2520(b)(2), 2707(c) and 2724(b)(2); and costs pursuant to 12 U.S.C. § 3417(a)(4), 18 U.S.C. §§ 2520(b)(3), 2707(b)(3), and 2724(b)(3).

COUNTS XIV-XV

Electronic Communications Privacy Act

18 U.S.C. §§ 2510, et seq.

86. From November 2009 through September 2012, in the Eastern District of New York, and elsewhere, defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS, ELIZABETH PEDERSON, DANY PERSONNEL, BRIAN CONROY, MICHAEL DALY, MARK WOODS, JESSICA STERLING, GIANCARLO CAVALLO, GREG SMITH and NYPD PERSONNEL, in their individual and official capacity as public officers of defendant CITY OF NEW YORK, intentionally intercepted, endeavored to intercept and procured another person to intercept or endeavor to intercept Plaintiff ROYCE CORLEY's wire, oral and electronic communications in violation of 18 U.S.C. § 2511(1)(a) -and- intentionally used, and endeavored to use the contents of Plaintiff ROYCE CORLEY's wire, oral and electronic communications, knowing or having reason to know that the information was obtained through the interception of a wire, oral or electronic communication in violation of 18 U.S.C. § 2511(1)(d). To wit: defendants intercepted Plaintiff's communications through SPRINT, T-MOBILE, TWC and METROPCS, and used this information in its investigation and prosecution, without the required legal authority, emergency circumstances or good faith pursuant to 18 U.S.C. § 2520(d).

14

87. From November 2009 through September 2012, in the Eastern District of New York, and elsewhere, defendants SPRINT NEXTEL CORP., T-MOBILE USA, INC., TIME WARNER CABLE, INC., CUSTODIAN #2-3 and CUSTODIAN #6, intentionally disclosed or endeavored to disclose, to another person the contents of Plaintiff ROYCE CORLEY's wire, oral and electronic communications, knowing or having reason to know that the information was obtained through the interception of a wire, oral or electronic communication in violation of 18 U.S.C. § 2511(1)(c). To wit: defendants disclosed Plaintiff's communications to the District Attorney for the County of New York, New York City Police Department and others, without the required legal authority, emergency circumstances or good faith pursuant to 18 U.S.C. § 2520(d).

COUNTS XVI-XVII
Stored Communications Act
18 U.S.C. §§ 2701, et seq.

88. From November 2009 through September 2012, in the Eastern District of New York, and elsewhere, defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS, ELIZABETH PEDERSON, DANY PERSONNEL, BRIAN CONROY, MICHAEL DALY, MARK WOODS, JESSICA STERLING, GIANCARLO CAVALLO, GREG SMITH and NYPD PERSONNEL, in their individual and official capacity as public officers of defendant CITY OF NEW YORK, intentionally accessed without authorization a facility through which an electronic communication is provided and intentionally exceeded an authorization to access that facility; and thereby obtained and altered a wire and electronic communication while it was in electronic storage in such system in violation of 18 U.S.C. § 2701(a)(1) and (a)(2). To wit: defendants accessed and obtained wire and electronic communications to which Plaintiff ROYCE CORLEY was an aggrieved person, stored by BACKPAGE, SPRINT, T-MOBILE, FACEBOOK, GOOGLE, TWC, RIM, MCU, CAPITAL ONE, CHASE, METROPCS, and did also alter electronic communications stored by BACKPAGE and FACEBOOK; without the required warrant, notice with administrative subpoena or court order, or other appropriate legal authority pursuant to 18 U.S.C. § 2703(b)(1)(A), (b)(1)(B)(i)&(ii) or (c)(1), respectively.

89. From November 2009 through September 2012, in the Eastern District of New York, and elsewhere, defendants BACKPAGE.COM, LLC., SPRINT NEXTEL CORP., T-MOBILE USA, INC., FACEBOOK, INC., GOOGLE, INC., TIME WARNER CABLE, INC., RESEARCH IN MOTION, LTD., MUNICIPAL CREDIT UNION, CAPITAL ONE, N.A., JPMORGAN CHASE BANK, N.A. and CUSTODIAN #1-10, as providers of a remote computing service and electronic communication service to the public, knowingly divulged records and other information pertaining to its subscriber and customer Plaintiff ROYCE CORLEY, to government entities District Attorney for the County of New York, New York City Police Department and others, without the required legal authority, emergency circumstances or good faith pursuant to 18 U.S.C. § 2707(e), in violation of 18 U.S.C. § 2702(a)(3).

COUNTS XVIII-XIX
Right to Financial Privacy Act
12 U.S.C. §§ 3401, et seq.

90. From November 2009 through September 2012, in the Eastern District of New York, and elsewhere, defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS, ELIZABETH PEDERSON and DANY PERSONNEL, in their individual and official capacity as public officers of defendant CITY OF NEW YORK, knowingly accessed and obtained copies of the information contained in the financial records of customer-Plaintiff ROYCE CORLEY, from financial institutions, MCU, CAPITAL ONE and CHASE without consent, legal authority and notice under 12 U.S.C. §§ 3405-3409, in violation of 12 U.S.C. § 3402.

91. From November 2009 through September 2012, in the Eastern District of New York, and elsewhere, defendants MUNICIPAL CREDIT UNION, CAPITAL ONE, N.A., JPMORGAN CHASE BANK, N.A. and CUSTODIAN #8-10, as financial institutions, knowingly provided to municipal government CITY OF NEW YORK and others, access and copies of the information contained in the financial records of customer-Plaintiff ROYCE CORLEY -and- without certification in writing from the CITY OF NEW YORK and others, that it has complied with the required provisions under 12 U.S.C. §§ 3405-3409, in violation of 12 U.S.C. § 3403(a)&(b).

COUNTS XX-XXI
Driver's Privacy Protection Act
18 U.S.C. §§ 2721, et seq.

92. From November 2009 through September 2012, in the Eastern District of New York, and elsewhere, defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS, ELIZABETH PEDERSON, DANY PERSONNEL, BRIAN CONROY, MICHAEL DALY, MARK WOODS, JESSICA STERLING, GIANCARLO CAVALLO, GREG SMITH and NYPD PERSONNEL, in their individual and official capacity as public officers of defendant CITY OF NEW YORK, knowingly and unlawfully made false representations regarding its legal authority and scope of investigation to obtain highly restricted personal information from Plaintiff ROYCE CORLEY's motor vehicle records held by CECONY, MCU, CAPITAL ONE and CHASE, in violation of 18 U.S.C. § 2722(b). To wit: defendants committed unlawful acts and used false evidence to obtain said records.

93. From November 2009 through September 2012, in the Eastern District of New York, and elsewhere, defendants JOHN DOE #3, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., MUNICIPAL CREDIT UNION, CAPITAL ONE, N.A., JPMORGAN CHASE BANK, N.A. and CUSTODIAN #8-10, knowingly and unlawfully disclosed highly restricted personal information from Plaintiff ROYCE CORLEY's motor vehicle record for a use not permitted under 18 U.S.C. § 2721(b), in violation of 18 U.S.C. § 2722(a). To wit: defendants disclosed copies of Plaintiff's New York State Driver's Identification Card, photograph and social security number to agents of the CITY OF NEW YORK.

NEW YORK STATE
COMMON LAW

94. Plaintiff repeats as if fully set forth here the allegations in Paragraphs 1 through 93, above. For COUNTS XXII through XXVI, defendants are liable for compensatory damages, punitive damages and costs under New York State law.

COUNT XXII
Negligent Infliction of Emotional Distress
New York Law

95. From November 2009 through February 2013, in the Eastern District of New York, and elsewhere, defendants MICHAEL T. HAGGERTY, WALTER PANCHYN, JOHN DOE #3, in their individual and official capacity as employees of defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., BACKPAGE.COM, LLC., SPRINT NEXTEL CORP., T-MOBILE USA, INC., FACEBOOK, INC., GOOGLE, INC., TIME WARNER CABLE, INC., RESEARCH IN MOTION, LTD., MUNICIPAL CREDIT UNION, CAPITAL ONE, N.A., JPMORGAN CHASE BANK, N.A. and CUSTODIAN #1-10, collectively with defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS, ELIZABETH PEDERSON, DANY PERSONNEL, BRIAN CONROY, MICHAEL DALY, MARK WOODS, JESSICA STERLING, GIANCARLO CAVALLO, GREG SMITH, NYPD PERSONNEL, SHARI C. HYMAN, JOHN DOE #1-2 and OSE PERSONNEL, in their individual capacity, acting

outside the scope of their duties as public officers, knowingly and willfully committed negligent acts which resulted in Plaintiff ROYCE CORLEY's severe emotional distress due to arrest, over one year of imprisonment, loss of employment, invasion of privacy and loss of consortium.

COUNTS XXIII-XXIV
Gross Negligence
New York Law

96. In and around January 25, 2012, in Queens County, New York, defendants MICHAEL T. HAGGERTY, WALTER PANCHYN, JOHN DOE #3, in their individual and official capacity as employees of defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., acting negligently as vigilantes, owed Plaintiff ROYCE CORLEY the duty of not unnecessarily participating in a warrantless arrest, which resulted in Plaintiff's invasion of privacy and unlawful arrest.

97. From November 2009 through September 2012, in the Eastern District of New York, and elsewhere, defendants BACKPAGE.COM, LLC., SPRINT NEXTEL CORP., T-MOBILE USA, INC., FACEBOOK, INC., GOOGLE, INC., TIME WARNER CABLE, INC., RESEARCH IN MOTION, LTD., MUNICIPAL CREDIT UNION, CAPITAL ONE, N.A., JPMORGAN CHASE BANK, N.A. and CUSTODIAN #1-10, acting knowingly and willfully, owed Plaintiff ROYCE CORLEY the duty of protecting personal information, communications and financial records from disclosure to unauthorized third-parties, which resulted in Plaintiff's invasion of privacy and unlawful arrest.

COUNTS XXV-XXVI
Fraud
New York Law

98. From November 2009 through September 2012, in the Eastern District of New York, and elsewhere, defendant BACKPAGE.COM, LLC., made a material misrepresentation of fact, with knowledge of its deception, with intent to defraud Plaintiff ROYCE CORLEY and others similarly situated, whom reasonably relied on personal information and financial records being inaccessible to unauthorized government entities, which resulted in Plaintiff's invasion of privacy. To wit: defendant operates and maintains internet classified service "Backpage.com" a covert law enforcement tool, that grants unfettered access to password-protected accounts for law enforcement agencies, the details of which were knowingly omitted from its "Terms of Service."

99. From November 2009 through September 2012, in the Eastern District of New York, and elsewhere, defendants CYRUS R. VANCE, JR., DAVID STUART, JOHN TEMPLE, GREG WEISS, DANY PERSONNEL, BRIAN CONROY, MICHAEL DALY, MARK WOODS, JESSICA STERLING, GIANCARLO CAVALLO and NYPD PERSONNEL, in their individual capacity, acting outside the scope of their duties as public officers, knowingly aided and abetted the fraud committed by co-defendant BACKPAGE.COM, LLC., through substantial assistance by making false representations and inducing co-defendant CUSTODIAN #1 to grant access and disclose password-protected information on its internet classified service "Backpage.com," without legal authorization.

PRAYER

WHEREFORE Plaintiff ROYCE CORLEY d/b/a "RON IRON" requests that this Court render judgment against the defendants:

A. Compensatory damages and statutory damages, where applicable, pursuant to the Civil Rights Act under 42 U.S.C. § 1983, Electronic Communications Privacy Act, Stored Communications Act, Right to Financial Privacy Act, Driver's Privacy Protection Act and New York law, in the sum to be shown at trial, but in no event less that the following for each defendant:

(i) $11,000,000 against CITY OF NEW YORK; (ii) $3,000,000 against BRIAN CONROY; (iii) $2,000,000 against CYRUS R. VANCE, JR.; (iv) $1,000,000 against SHARI C. HYMAN; (v) $400,000 against DAVID STUART and MARK WOODS; (vi) $300,000 against MICHAEL DALY and JESSICA STERLING; (vii) $200,000 against JOHN TEMPLE, GREG WEISS, GIANCARLO CAVALLO, GREG SMITH and JOHN DOE #1-2; (viii) $100,000 against ELIZABETH PEDERSON, DANY PERSONNEL, NYPD PERSONNEL and OSE PERSONNEL;

(ix) $1,500,000 against CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.; (x) $200,000 against MICHAEL T. HAGGERTY and WALTER PANCHYN; (xi) $100,000 against JOHN DOE #3;

(xii) $1,000,000 against BACKPAGE.COM, LLC.; (xiii) $300,000 against SPRINT NEXTEL CORP., T-MOBILE USA, INC. and TIME WARNER CABLE, INC.; (xiv) $200,000 against FACEBOOK, INC., GOOGLE, INC. and RESEARCH IN MOTION, LTD.; (xv) $500,000 against MUNICIPAL CREDIT UNION, CAPITAL ONE, N.A. and JPMORGAN CHASE BANK, N.A.; and (xvi) $100,000 against CUSTODIAN #1-10;

B. Punitive damages, in the sum to be shown at trial, to punish each liable defendant and to discourage any further intentional wrongful acts and constitutional violations;

C. Including any pre- and post-judgment interest allowed by law; and

D. Awarding of costs of suit; and whatever relief deemed just and proper.

DATED: December 25, 2014
       Danbury, CT

X _____
  P   A   I   N   T   I   F   F

  Royce Corley, pro se
  Reg. No. 68011-054
  Federal Correctional Institution
  33 1/2 Pembroke Road
  Danbury, CT 06811-3099
  (203) 743-6471