UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
ROYCE CORLEY,                                               :
:
                                   Plaintiff,     :
:
                      v.                           :
:
CYRUS R. VANCE, JR., *et al.*,                              :
:
                              Defendants.    :
:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 10, 2015

15 Civ. 1800 (KPF)

ORDER

KATHERINE POLK FAILLA, District Judge:

      Plaintiff Royce Corley filed a complaint in January 2015 against numerous public and private individuals and entities, alleging constitutional violations and violations of the Electronic Communications Privacy Act ("ECPA"), the Stored Communications Act ("SCA"), the Right to Financial Privacy Act ("RFPA"), and the Driver's Privacy Protection Act ("DPPA"). Plaintiff also asserts state-law claims over which he asks this Court to exercise diversity and supplemental jurisdiction. After reviewing the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court issued an Order dated June 22, 2015. In the June 22 Order, the Court detailed for Plaintiff various deficiencies in his pleading — both legal and factual — and afforded Plaintiff an opportunity to amend his Complaint to redress the deficiencies it had identified. (Dkt. #15). In the same Order, the Court considered, and rejected, Plaintiff's request to proceed under a pseudonym.

      Plaintiff has filed a motion for reconsideration of the June 22 Order under Rule 6.3 of the Local Rules of the United States District Courts for the

Southern and Eastern Districts of New York. (Dkt. #16). In the alternative, he seeks *in forma pauperis* status to pursue an interlocutory appeal. For the reasons set forth in the remainder of this Order, the motion is denied.

## APPLICABLE LAW

"'The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.'" *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict").

"A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson* v. *Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257). Such a motion should not be made "reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d at 387 (quoting *Makas* v. *Orlando*, No. 06 Civ. 14305 (DAB) (AJP), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (internal quotation marks omitted)). Above all, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish*

v. *Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

The Court is mindful that, "when the plaintiff proceeds *pro se*, as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations," and to interpret them as raising the strongest arguments they suggest. *McEachin* v. *McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *see also Tracy* v. *Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." (collecting cases)). Nonetheless, this liberal standard does not exempt a plaintiff from his or her duty to meet the requirements for reconsideration. *See Patterson*, 2006 WL 2067036, at *1 (collecting cases).

## DISCUSSION

Plaintiff's motion is predicated on a misunderstanding of the June 22 Order: Plaintiff complains that the Court "dismissed" the federal counts in his Complaint and "declined to exercise diversity and supplemental jurisdiction" over the state-law counts. (Dkt. #16 at 1). It did neither. Instead, the Court addressed, in painstaking detail, what it perceived to be the legal and factual impediments to mounting Plaintiff's claims, and provided Plaintiff an opportunity to amend his pleading — or not — to remedy those deficiencies. Plaintiff can, of course, stand on the current Complaint and contest that there are any deficiencies; he has been forewarned, however, that some of the counts may be subject to dismissal on the bases identified in the June 22 Order.

Proceeding to Plaintiff's remaining applications, the Court denies Plaintiff's request for reconsideration of its denial of his motion to proceed by

3

pseudonym, finding no error in its prior decision. The Court also declines Plaintiff's request that it "immediately issue summons and order the defendants to provide discovery" (Dkt. #16 at 4); issuance of summonses will await the filing of an amended complaint. Finally, there is no basis for appeal from the June 22 Order, which is non-final, and the Court will not grant Plaintiff *in forma pauperis* status for that purpose. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith sufficient to obtain *in forma pauperis* status for appeal when he seeks review of a non-frivolous issue).

## CONCLUSION

Plaintiff's motion for reconsideration is denied. The Clerk of Court is directed to terminate the motions at Docket Entries 10 (which has been addressed by prior order) and 16. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.

SO ORDERED.

Dated:   July 10, 2015
         New York, New York

                                                     KATHERINE POLK FAILLA
                                                   United States District Judge

*A copy of this Order was mailed by Chambers to:*

Royce Corley
Reg. No. 06811-054
FCI Danbury
33 1/2 Pembroke Rd.
Danbury, CT 06811