USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 16, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

ROYCE CORLEY,

                Plaintiff,

        v.

CYRUS R. VANCE, *et al.*,

                Defendants.

------------------------------------------------------X

ROYCE CORLEY,

                Plaintiff,

        v.

HONORABLE BONNIE G. WITTNER, *et al.*,

                Defendants.

------------------------------------------------------X

15 Civ. 1800 (KPF)

ORDER

15 Civ. 9621 (KPF)

ORDER

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of a letter motion from Corporation Counsel of the City of New York, dated August 23, 2016, requesting a stay of the above cases insofar as they pertain to the New York Police Department ("NYPD") Defendants and the City of New York, pending resolution of Plaintiff's underlying criminal appeal. (*Vance* Dkt. #75; *Wittner* Dkt. #51). As Corporation Counsel argued, Plaintiff's civil lawsuits arise from the same nucleus of operative facts as his underlying criminal prosecution, including the NYPD's investigation and arrest

of Plaintiff, and the subsequent criminal charges.  Further, Corporation Counsel contends that any prejudice to Plaintiff arising from a stay would be minimal and substantially outweighed by potential prejudice to Defendants in moving forward, including hindered abilities to get discovery while the criminal appeal is pending.  Finally, Corporation Counsel argues that a stay would promote efficiency and conserve judicial resources.

Pursuant to the Court's Order (*Vance* Dkt. #76; *Wittner* Dkt. #52), Plaintiff responded in opposition to the request for a stay (*Vance* Dkt. #93; *Wittner* Dkt. #59).  Plaintiff argues that the request for a stay amounts to an attempt to unduly delay his civil cases, and that such a stay would result in prejudice to Plaintiff.  As Plaintiff argues, Corporation Counsel establishes no prejudice to Defendants apart from a potential hindrance of discovery, and a protective order could suffice to alleviate any issues collecting discovery from the Government.  Further, Plaintiff presses the delays in both of his civil cases thus far, stating that any additional delay will prejudice his ability to obtain testimony from witnesses.  Plaintiff also argues that a stay would be premature at this point, as no discovery has been ordered and dispositive motions may limit the scope of litigation.  Finally, Plaintiff contends that *Heck* v. *Humphrey*, 512 U.S. 477 (1994), which requires that a 42 U.S.C. § 1983 plaintiff demonstrate his conviction was overturned in order to recover damages, is not applicable to him because "state charges were terminated in [his] favor," and his claims do not necessarily require that his criminal convictions were invalid.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering the propriety of a stay in a civil case in light of a pending criminal matter, courts within the Second Circuit have considered:

> [i] the extent to which the issues in the criminal case overlap with those presented in the civil case; [ii] the status of the case, including whether the defendants have been indicted; [iii] the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; [iv] the private interests of and burden on the defendants; [v] the interests of the courts; and [vi] the public interest.

*Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012). Notably, the primary concern in such an evaluation often examines potential prejudice to a civil *defendant* who is also the subject of a criminal prosecution, and who may "fac[e] the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation." *Id.* at 97. Such concerns are less relevant here. Still, the Court is permitted to institute a stay *sua sponte,* and thus, considers the relevant factors as they pertain to this case.

Despite Plaintiff's contention that his claims do not depend on the validity of his criminal conviction, the Court finds that the underlying issues in the criminal and civil cases overlap to a great deal; determinations of whether all Defendants, *inter alia*, unlawfully accessed or produced Plaintiff's

3

communications, conspired to violate Plaintiff's due process rights, or engaged in false arrest and malicious prosecution, may depend in large part on whether Plaintiff's criminal conviction is upheld or vacated by the Second Circuit.

Moreover, a Court-imposed stay will not unduly prejudice Plaintiff, as a stay pending resolution of his criminal appeal will merely delay the advancement of this civil litigation, rather than forcing Plaintiff to risk ceding any Constitutional rights. Failure to implement a stay, however, may impede Defendants' rights, as Defendants would be required to litigate claims which ultimately may be vitiated by resolution of Plaintiff's criminal appeal. In any event, a stay would serve to conserve substantial judicial resources, as a number of claims before the Court may be resolved — whether in Plaintiff's or Defendants' favor — by the Second Circuit's decision.

Accordingly, both cases are hereby STAYED in their entirety pending resolution of Plaintiff's criminal appeal to the Second Circuit. The pre-motion conference in *Vance* previously scheduled for September 23, 2016, is hereby ADJOURNED *sine die*. Counsel for Defendant Sprint Nextel Corp. is directed to notify the Warden that the pre-motion conference is no longer taking place. In order that this case may proceed efficiently upon resolution of Plaintiff's criminal case, the Court's *Valentin* Order to Corporation Counsel in No. 15 Civ. 1800 (KPF), dated September 13, 2016 (*Vance* Dkt. #92), remains in place. The Court will address Plaintiff's renewed motion for the Court's recusal separately.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis*

status is denied for purposes of an appeal. See *Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

Dated:    September 16, 2016
             New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

Royce Corley
68011-054
FCI Danbury
33 1/2 Pembroke Road
Danbury, CT 06811