

**Leah Kelman**
Phone: 973-274-2004
Fax: 973-274-6411
lkelman@herrick.com

April 1, 2019

**Via ECF**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   Royce Corley d/b/a "Ron Iron" v. Cyrus R. Vance, Jr., et al., 1:15-cv-01800-KPF

Your Honor:

This firm represents BlackBerry Corporation f/k/a Research in Motion, Ltd. ("BlackBerry") in connection with the defense of the above-referenced action.

BlackBerry's motion or answer is due on April 22, 2019.  We are writing this pre-motion submission pursuant to Your Honor's Individual Rules of Practice in Civil Cases.  We understand that this letter stays BlackBerry's time to move or answer.

BlackBerry is prepared to file a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6).  We are available for a pre-motion conference if the Court determines that one is necessary.  It is respectfully submitted that for the reasons set forth below a pre-motion conference may not be required.

Plaintiff asserts four causes of action against BlackBerry (Counts XIII, XVII, XXII, and XXIV).  The Court has already explained why these claims fail as a matter of law.  Indeed, this Court has already ruled that the identical claims and allegations advanced against similarly situated corporate defendants are without merit, has dismissed those claims, and terminated the defendants.  *See* Docket No. 294 ("Opinion and Order").  This is now law of the case which should be applied to BlackBerry as well.  *See Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise.").

As a threshold matter, Plaintiff's Complaint against BlackBerry fails to meet the basic notice pleading requirement under Fed. R. Civ. P., Rule 8.  As this Court has already recognized, the Complaint fails to provide a "short and plain" statement of Plaintiff's claims, including specific facts explaining what each defendant did or failed to do and how those actions violated Plaintiff's rights, as is required.  *See Corley v. Vance*, 15 Civ. 1800 (KPF), 2015 WL 4164377 (S.D.N.Y. June 22, 2015).  For this reason alone, the Complaint is insufficient.  Each of Plaintiff's claims against BlackBerry fail for additional reasons.

Plaintiff's Cause of Action XIII, alleges a privacy violation under 42 U.S.C. 1983 for allegedly violating Plaintiff's constitutional right to privacy, but Plaintiff has failed to allege that BlackBerry acted under color of state law or conspired with any of the state actors and violated

Hon. Katherine Polk Failla, U.S.D.J.
April 1, 2019
Page Two

rights by releasing his data. *Id.* (citing cases). Mere compliance with court orders does not constitute action under color of state law. *Martinez v. Queens Cty. Dist. Atty.,* No. 12 Civ. 6262(RRM), 2014 WL 1011054, at *15 (E.D.N.Y. Mar.17, 2014) (dismissing Section 1983 conspiracy claims against Verizon N.Y. and T–Mobile), and Plaintiff has wholly failed to allege specific facts that would plausibly show a conspiracy. Docket No. 294 at pp.43-44.

Plaintiff's Cause of Actions XVII (Stored Communications Act (the "SCA")), XXII (negligent infliction of emotional distress), and XXIV (gross negligence) likewise fail. As this Court recognized in the Opinion and Order, Plaintiff has failed to allege how Defendant allegedly violated Section 2702 of the SCA. Docket No. 294 at pp.55-56. Plaintiff has also failed to state a claim for negligent infliction of emotional distress or gross negligence under New York law by failing to plead the elements of each of his claims. Docket No. 294 at pp.60-66.

Further, this Court lacks personal jurisdiction over BlackBerry, as both general and specific jurisdiction are lacking for the same reasons argued by co-defendant Facebook. (Blackberry is incorporated in the State of Delaware, and its corporate headquarters is in the State of California.) *See* Docket No. 294 at pp. 17-21.

We are sending a copy of this letter to Plaintiff; given his incarceration and the difficulty in communicating with him, however, we have not sought Plaintiff's consent to file our motion. We do note that Plaintiff's opposition brief to the other defendants' motions to dismiss expressly stated that such opposition was also in opposition to BlackBerry's *anticipated* motion to dismiss, so it is clear that Plaintiff is expecting a motion to dismiss. *See* Doc. No. 269 at p. 5 (including Blackberry in the opposition brief stating, "included in anticipation of motion to dismiss").

Accordingly, it is respectfully submitted that the Court's Opinion and Order should be applied to BlackBerry as the law of the case, and it should be dismissed from this action; in particular given that Plaintiff's opposition brief to the various co-defendants' motions expressly incorporated his opposition to an anticipated motion to dismiss from BlackBerry. BlackBerry is fully prepared to file a formal motion to dismiss on the above grounds, all of which have already been addressed by the Court. If the Court instructs BlackBerry to file a formal motion, we ask that the Court allow such motion to be filed within 21 days after we are so directed.

Additionally, in the Court's Opinion and Order, it directed that: "The remaining parties are directed to submit a proposed Case Management Plan for the Court's consideration on or before May 1, 2019. The parties should be mindful that discovery in this case will only be permitted as it pertains to Plaintiffs' three remaining claims; discovery may not be taken as to any claim dismissed in this Opinion." We respectfully request that the Court enter an Order that such directive does not apply to BlackBerry and that no party discovery may be directed at BlackBerry or may be taken as to the claims against BlackBerry at this time.

Respectfully submitted,

*/s/ Leah Kelman*
Leah Kelman

Hon. Katherine Polk Failla, U.S.D.J.
April 1, 2019
Page Three


cc:     Hon. Katherine Polk Failla (via email at Failla_NYSDChambers@nysd.uscourts.gov)
         Royce Corley via First Class Mail and Certified Mail
         All counsel via ECF