UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROYCE CORLEY,

                Plaintiff,

         -v.-

CYRUS R. VANCE, JR., *et al.*,

                Defendants.

15 Civ. 1800 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of Plaintiff Royce Corley's motion to compel discovery and seek sanctions in this case. (Dkt. #347). The Court has also received letters responding to the motion from Defendants New York County District Attorney Cyrus R. Vance, Jr., Assistant District Attorney ("ADA") David Stuart, and former ADAs John Temple, Greg Weiss, and Elizabeth Pederson (collectively, the "DA Defendants") (Dkt. #349, 352), and from Defendants Brian Conroy, Michael Daly, Mark Woods, Detective Jessica Sterling, Giancarlo Cavallo, Greg Smith, and Shari C. Hyman (collectively, the "NYPD Defendants") (Dkt. #350, 353). More recently, the Court received a reply submission from Plaintiff in further support of his motion. (Dkt. #356). The Court has identified twelve challenges that Plaintiff has raised to Defendants' discovery responses (see Dkt. #347 at 3-8), and will address each in turn.

    Plaintiff first challenges Defendants' contention that his discovery requests were "vague, ambiguous, overbroad, [and] unduly burdensome." (Dkt. #347 at 3). As Defendants point out (Dkt. #352 at 3; Dkt. #353 at 3), Plaintiff's remaining claims are: (a) a claim for unlawful search and seizure against the

DA Defendants and (b) claims for malicious prosecution and unlawful search and seizure against the NYPD Defendants.  Plaintiff's discovery requests seek a broad swath of information covering the entirety of his prior prosecution, without any effort to tailor the requests to the three remaining claims.  Moreover, Defendants have represented that they are not in possession of most of the documents, records, or information Plaintiff has requested (Dkt. #352-2, #353-3), in part because much of the information was turned over to the United States Attorney's Office for the Southern District of New York in the context of Plaintiff's criminal prosecution (Dkt. #352-2).  Based on its review of the information submitted by the parties, the Court is unable to find that Defendants' characterization of Plaintiff's requests as "vague, ambiguous, overbroad, [and] unduly burdensome" is incorrect, regardless how "boilerplate it may seem" to Plaintiff.

Plaintiff next challenges Defendants' refusal to disclose information that Defendants contend falls within the ambit of a protective order issued by the Honorable Robert P. Patterson on November 4, 2013.  (Dkt. #347 at 4).  Specifically, Plaintiff seeks information regarding the minor victims of his prior conviction.  In this regard, Plaintiff argues that Judge Patterson's protective order is inapplicable because: (i) it does not apply to civil discovery; (ii) materials produced pursuant to the Jencks Act, 18 U.S.C. § 3500, are always discoverable after a witness has testified on direct examination; and (iii) the protective order was modified by the Honorable Alison J. Nathan on January 15, 2016, to allow Plaintiff to view the information he seeks.  (*Id.*).

Plaintiff is incorrect on all three counts. *First*, as Judge Patterson's November 4 order makes clear, Plaintiff is precluded from possessing the desired information "before, during, or after trial." (Dkt. #352-1 at 3). There is nothing in the order that would exclude its applicability to Plaintiff's civil case. *Second*, 18 U.S.C. § 3500(a) does not provide that statements produced pursuant to its terms become discoverable publicly, and for all time, after a witness has testified on direct examination. *See* 18 U.S.C. § 3500(a) ("After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified."). In any event, Judge Patterson's order nonetheless controls in this situation. *Cf. United States* v. *Palmer*, No. 10 Cr. 910 (JSR), 2011 WL 672412, at *1 (S.D.N.Y. Feb. 14, 2011) (imposing judicial limits on review and retention of § 3500 materials). *Third*, while Judge Nathan's January 15 order did indeed modify aspects of Judge Patterson's order, it did not modify the earlier order to permit Plaintiff access to the information he now seeks through his discovery requests. It is clear that Judge Nathan's order was limited to the question of whether Plaintiff could have access to the § 3500 materials for the purposes of supplementing his appeal. (Dkt. #352-2 at 5-6). Moreover, Judge Nathan's order expressly precludes Plaintiff from obtaining identifying information about the minor victims. (*Id.* at 7-9). Finally, as Defendants explain, the § 3500 material is in the possession of either the Federal Government or Plaintiff

3

himself, and therefore Defendants cannot provide it. (Dkt. #353 at 2-3). Defendants therefore do not contravene the Court's discovery orders in denying Plaintiff's request for information covered by the two protective orders.

Plaintiff objects to what he purports to be Defendants' reliance on various New York State laws as well as various privileges. (Dkt. #347 at 4). Specifically, Plaintiff challenges the NYPD Defendants' assertion that certain information he seeks may be protected by N.Y. Crim. Pro. Law § 160.50.[1] Insofar as § 160.50 is concerned, Plaintiff has not explained — apart from a citation to *Mercado* v. *Division of New York Police*, 989 F. Supp. 521 (S.D.N.Y. 1998), which does not stand for the broad holding Plaintiff ascribes to it — why that state law does not prohibit disclosure of the requested information. Moreover, Plaintiff has not presented any argument as to why the privileges to which Defendants cite are not apt in this case. Therefore, the Court does not see this argument as a ground on which it can find that Defendants have violated their discovery obligations.

Plaintiff also objects to Defendants' refusal to identify to Plaintiff "a more practical method of obtaining the information sought." (Dkt. #347 at 5). Assuming there is a more practical method of obtaining the information Plaintiff seeks, the Court sees no reason why Defendants cannot or should not identify such a method to him. Therefore, insofar as Defendants rely on there being a more practical method available to Plaintiff of obtaining the information

---

[1] Plaintiff intimates that other state statutes might be implicated, but no others are mentioned in Defendants' objections.

her seeks in denying discovery, the Court ORDERS Defendants to identify that method.

As his fifth objection, Plaintiff argues that Defendants "must provide some details about whether they still exercise 'constructive possession'" over documents not in their possession, custody, or control. (Dkt. #347 at 5). Defendants have explained in their letter responses that much of the information Plaintiff seeks is in the possession of the Federal Government (Dkt. #352 at 2; Dkt. #353 at 2), and the Court does not find any reason why Defendants must explain whether they exercise "constructive possession" over such information and documents.

Plaintiff's sixth objection is substantially similar to his objection regarding Defendants' refusal to identify a more practical method of obtaining the information sought, except it regards information that is represented to be publicly or equally available to Plaintiff. (Dkt. #347 at 6). Insofar as Defendants rely on such a rationale for denying discovery, the Court ORDERS Defendants to identify the means by which Plaintiff may obtain such publicly or equally available information.

Plaintiff briefly notes that Defendants objected to his number of interrogatories surpassing the limit of 25. (Dkt. #347 at 6). Plaintiff has apologized for the oversight, and has offered a remedy to Defendants that has not received a response. (*Id.*). The Court ORDERS Defendants to respond to Plaintiff's proposed solution.

Plaintiff next challenges the NYPD Defendants' statement that certain information sought has been destroyed by operation of law, and their concomitant non-response to Plaintiff's request for an index of such destroyed records. (Dkt. #347 at 6). Plaintiff contends that he may be able to make a claim for spoliation sanctions. (*Id.*). Given the duration of time between Plaintiff's prosecution and the filing of the instant action, the Court thinks it is unlikely that Defendants have violated their duty to preserve evidence. Nevertheless, the Court finds it reasonable, and therefore ORDERS, the NYPD Defendants to provide a log, insofar as it is practicable to do so, of any records relevant to Plaintiff's remaining claims that have been destroyed by operation of law, including an identification of the record and the approximate date of destruction.

Plaintiff argues that Defendants have claimed certain requested materials are protected under the attorney-client privilege or work product doctrine, but have not provided a privilege log to Plaintiff. (Dkt. #347 at 7). The Court sees no reason why Defendants should not create, and Plaintiff should not be given, a privilege log, and therefore ORDERS each group of Defendants to provide such a log to Plaintiff.

In his tenth challenge, Plaintiff notes the NYPD Defendants' objection that documents responsive to Plaintiff's Document Request No. 15, seeking "all criminal, civil, and CCRB complaints, disciplinary records[,] and case history for each subject are subject to a Protective Order encompassed by this District's 'Plan for Certain § 1983 Cases Against the City of New York.'" (Dkt.

6

#347 at 7). That Plan, embodied now in Local Civil Rule 83.10, applies to cases involving "represented plaintiff[s]", which Plaintiff here is not. Therefore, the Court finds that the NYPD Defendants may not rely on the Protective Order connected to the Plan as a rationale for denying discovery. Insofar as the Plan is the sole reason for denying discovery, the NYPD Defendants are ORDERED to produce the requested documents.

Plaintiff's penultimate challenge concerns the NYPD Defendants' failure to identify an Officer Gregory Smith. (Dkt. #347 at 7-8). The Court sees no reason why Defendants, having informed Plaintiff that they would research Officer Smith's identity and provide further information, should not provide that information. The Court ORDERS the NYPD Defendants to confirm Officer Smith's identity.

Finally, Plaintiff argues that Defendants have violated Federal Rule of Civil Procedure 33(b)(3) by providing unsworn responses to his interrogatories. (Dkt. #347 at 8). However, Rule 33(b)(3) says in its entirety that "[e]ach interrogatory must, *to the extent it is not objected to,* be answered separately and fully in writing under oath." Fed R. Civ. P. 33(b)(3). As Defendants have objected to each of Plaintiff's interrogatories, their answers need not be sworn.

Having addressed Plaintiff's challenges to Defendants' objections, the Court now turns to whether Defendants' actions warrant sanctions. Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes a court to impose sanctions against a party that "fails to obey an order to provide or permit discovery[.]" *Salahuddin* v. *Harris*, 782 F.2d 1127, 1132-33 (2d Cir.

7

1986); *see also Auscape Int'l* v. *Nat'l Geographic Soc'y*, No. 02 Civ. 6441 (LAK), 2003 WL 134989 at *4 (S.D.N.Y. Jan. 17, 2003) (quoting 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2283, at 608 (2d ed. 1994)). "Several considerations inform a court's decision to impose sanctions under Rule 37, including: [i] the willfulness of the non-compliant party; [ii] the efficacy of lesser sanctions; [iii] the duration of the noncompliance; and [iv] whether the non-compliant party had been warned' that noncompliance would be sanctioned." *Arrowhead Capital Fin., Ltd.* v. *Seven Arts Entm't, Inc.*, No. 14 Civ. 6512 (KPF), 2017 WL 1787819, at *4 (S.D.N.Y. May 2, 2017) (internal citations omitted) (collecting cases), *aff'd*, 739 F. App'x 701 (2d Cir. 2018) (summary order).

For all of the reasons discussed above, the Court does not believe the circumstances presented warrant sanctions. The Court finds no indication that Defendants have acted in bad faith or improperly in objecting to Plaintiff's broad discovery requests. The Court has also ordered further responses from Defendants to ensure that Plaintiff is not deprived of the discovery to which he is entitled. No sanctions will be entered at this time.

In sum, the Court ORDERS both sets of Defendants to, insofar as they rely on said objections, identify more practical methods by which Plaintiff may obtain the information he seeks and identify the means by which Plaintiff may obtain information believed to be publicly available to Plaintiff. The Court further ORDERS both sets of Defendants to respond to Plaintiff's proposed solution for his supernumerary interrogatories and to create and provide to

8

Plaintiff a privilege log for materials claimed to fall within the attorney-client or work-product privileges.

Separately, the Court ORDERS the NYPD Defendants to provide a log, insofar as it is practicable to do so, of any records relevant to Plaintiff's remaining claims that have since been destroyed by operation of law, including an identification of the record and the approximate date of destruction. Moreover, the Court ORDERS the NYPD Defendants, insofar as they rely on the Plan for Certain § 1983 Cases Against the City of New York as the sole reason for denying discovery of requested documents, to produce said requested documents. The Court additionally ORDERS the NYPD Defendants to respond to Plaintiff's request for identification of Officer Gregory Smith.

All such orders contained herein shall be complied with no later than March 10, 2020.

Finally, the post-fact discovery conference is hereby rescheduled for **March 26, 2020**, at **10:00 a.m.** At the appointed date and time for the conference, the Warden or other official in charge of the Federal Correctional Institution Petersburg Low in Petersburg, Virginia, shall produce inmate Royce Corley, Reg. No. 68011-054, at a suitable location within the Federal Correctional Institution Petersburg Low, equipped with a telephone, for the purpose of participating by telephone in the conference with the Court and defense counsel in the above referenced matter. At the appointed time, Defendants shall call (888) 363-4749 and enter access code 6624801. Please note, the phone conference line will not be available prior to 4:00 p.m. Counsel

9

for Defendants must (i) transmit this Order to the Warden forthwith; (ii) contact the Federal Correctional Institution Petersburg Low forthwith to arrange the call and to determine the telephone number at which *pro se* plaintiff will be reachable at the above time and date; and (iii) telephone the Court with *pro se* plaintiff on the line at the time and date of the conference.

The Clerk of Court is directed to terminate the motion at docket entry 347.

SO ORDERED.

Dated: February 11, 2020
       New York, New York

KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

Royce Corley
104 Gold Street
Brooklyn, NY 11201