

| | THE CITY OF NEW YORK | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **AMATULLAH K. BOOTH**<br>*Senior Counsel*<br>Tel.: (212) 356-3534<br>Fax: (212) 356-3509<br>abooth@law.nyc.gov |

March 10, 2020

**VIA ECF**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**MEMO ENDORSED**

      Re:    Royce Corley v. Vance, et al.
                15-CV-1800 (KPF)

Your Honor:

      I am the Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, assigned to represent defendants Conroy, Daly, Woods, Sterling, Cavallo, Smith, and Hyman, in the above-referenced matter. Defendants submit this letter concerning our response to Plaintiff's December 10, 2019 motion to compel, pursuant to the Court's February 11, 2020 Decision and Order. See Docket Entry No. 358.

      On February 11, 2020, the Court Ordered Defendants to provide a response to Plaintiff by March 10, 2020, concerning seven of the requests contained in Plaintiff's motion to compel. In accordance with the Court's Order, on March 10, 2020, Defendants provided responses to the requests outlined in the Court's order.

      As it relates to Claim **No. 11** of Plaintiff's motion to compel, related to Plaintiff's request for Defendants to:

"Identity of Police Officer Greg(ory) Smith from the Initial Disclosures provided by NYPD/OSE, Plaintiff was provided with "Excerpts of Officer Gregory Smith's Memo Book" (Exhibit A-1, Bates Nos. DEF 6- 8, dated Jan. 25, 2012). On or around November 2013, Plaintiff was informed by his Private Investigator that the Police Officer Gregory Smith referenced in the Complaint was "no longer with the NYPD;" which caused Plaintiff to question the identity of Officer Smith. Plaintiff then e-mail NYPD to confirm the identity of Greg(ory) Smith, in which they responded by stating: "I am in receipt of your message concerning Officer Gregory Smith. I am in

1

the process of researching this matter. I hope to have additional information for you sometime next week" (e-mail msg. 1-3, dated Jun. 30 & Jul. 19, 2019). After over four (4) months, NYPD has yet to confirm his identity. Officer Smith's true identity is necessary to conduct a proper deposition of him, specifically with regard to his conversations with Jenna and his coordination with NYPD Vice to frame the Plaintiff (see Exhibit F, excerpts from United States v. Corley, GX-74B: pp. 325, 335- 339, 341-345). Plaintiff also learned from publicly-available records from Facebook that Jenna a/k/a "Charlie Red" is still friends with "Greg Smith" whom attended "St. John's University" (see Exhibit M)."

The Court ordered NYPD Defendants to respond to Plaintiff's request for the identification of an Officer Gregory Smith. Upon further review of the instant action however, Defendants learned, upon information and belief that Gregory Smith was not involved in NYPD's arrest and prosecution of Plaintiff, concerning the remaining claims in Plaintiff's Complaint. As referenced in Exhibit G of Plaintiff's December 10, 2019 motion to compel, an officer Gregory Smith was involved in the criminal prosecution of Nathaniel Jackson, under *People v. Nathaniel Jackson*, under Indictment No. 4157-2011 that was pending in the New York Supreme Court. Upon information and belief, the Gregory Smith that is referenced in Plaintiff's Exhibit G was not involved in Plaintiff's underlying criminal matter, which is at issue in the instant action.

Moreover, Defendants no longer intend to rely on an officer Gregory Smith as a witness in the instant matter. Upon information and belief, he was not a member of the law enforcement team that investigated Plaintiff's underlying criminal matter that is at issue in Plaintiff's Complaint.

The foregoing information has been provided to Plaintiff. Defendants however, also respectfully request to be relieved from providing a further response to that portion of the Court's February 11, 2020 Order.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

/s/
_____
AMATULLAH K. BOOTH
Senior Counsel
Special Federal Litigation Division

cc: *BY FIRST CLASS MAIL*
Royce Corley
*Pro-Se Plaintiff*
104 Gold Street
Brooklyn, New York 11201

The Court is in receipt of the NYPD Defendants' letter regarding Officer Gregory Smith.  The Court accepts Defendants' representation that the individual in question was not involved in the NYPD's arrest or prosecution of Plaintiff, and that Defendants do not intend to rely on any information from the individual in this action.  Therefore, the Court GRANTS Defendants' request that it be relieved from providing further information to Plaintiff about Officer Gregory Smith.

Dated:     March 11, 2020         SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

*A copy of this Order was mailed by Chambers to:*

Royce Corley
104 Gold Street
Brooklyn, NY 11201