UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROYCE CORLEY,

                Plaintiff,

         -v.-

CYRUS R. VANCE, JR., *et al.*,

                Defendants.

15 Civ. 1800 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

     Plaintiff initiated this action on January 13, 2015, alleging a variety of claims under 42 U.S.C. § 1983, as well as other statutory and common-law claims, against the New York County District Attorney's Office ("DANY"), the New York City Police Department (the "NYPD"), a series of law enforcement personnel, and a host of private individuals and corporations, including Backpage.com. Broadly speaking, Plaintiff alleges that these private individuals and corporations (i) conspired with state actors to violate his constitutional rights and (ii) failed to train their employees properly with respect to the release of customer information. Backpage.com was served on August 16, 2016, with its answer due by September 6, 2016. However, Backpage.com failed to file an answer by that date, a situation unremedied even as of the date of this Order. Plaintiff obtained an entry of default against Backpage.com and now moves for default judgment against Backpage.com. For the reasons discussed in the remainder of this Order, Plaintiff's motion is denied.

## BACKGROUND

The Court has now described the relevant facts, allegations, and procedural posture of this case in three prior opinions. *See Corley* v. *Vance*, No. 15 Civ. 1800 (KPF), 2015 WL 4164377, at *1-2 (S.D.N.Y. June 22, 2015) ("*Corley I*"); *Corley* v. *Vance*, 365 F. Supp. 3d 407, 427-29 (S.D.N.Y. 2019) ("*Corley II*"); *Corley* v. *Vance*, No. 15 Civ. 1800 (KPF), 2019 WL 3841939, at *1-2 (Aug. 15, 2019) ("*Corley III*"). It therefore mentions here only what is necessary to resolve the instant motion.

As relevant here, Plaintiff asserts in his Complaint ("Compl.") that prior to his arrest in 2012, he was a user of Backpage.com. (Compl. ¶ 24). Between August 2011 and January 2012, DANY and the NYPD conducted "sting operations" in which they targeted individuals they believed to be associated with Plaintiff through online advertisements on Backpage.com. (*Id.* at ¶ 30). In at least one instance, a member of the NYPD contacted an individual known as Janel through an advertisement on Backpage.com and scheduled a date with two girls. (*Id.* at ¶ 31). Backpage.com, for its part, aided and abetted the NYPD and DANY in altering the identification numbers of advertisements on its website by allowing those co-defendants access to Plaintiff's password-protected accounts without proper legal authority. Backpage.com also, it is alleged, defrauded Plaintiff by operating as a "covert law enforcement tool," without disclosing such in its terms of service. (*Id.* at ¶ 98). Finally, Plaintiff alleges that Backpage.com, along with a litany of other co-defendants,

unlawfully disclosed his personal information to law enforcement personnel. (*See, e.g., id.* at ¶ 61).

The Court previously addressed nearly identical allegations against Defendants T-Mobile, Facebook, Google, TWC, MCU, Capital One, Chase, Sprint, and Blackberry. *See Corley II*, 365 F. Supp. 3d at 433-35, 450-57; *Corley III*, 2019 WL 3841939, at *7-14. The Court has dismissed all claims against Facebook, *see Corley II*, 365 F. Supp. 3d at 435, and against Blackberry, *see Corley III*, 2019 WL 3841939, at *5, for lack of personal jurisdiction. The Court has also granted Sprint's motion for summary judgment in its favor. *See Corley III*, 2019 WL 3841939, at *12. Finally, the Court has dismissed all claims against the other listed private Defendants for failure to state a claim. *See Corley II*, 365 F. Supp. 3d at 466.

## DISCUSSION

**A. Applicable Law**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). When a party defaults, they are generally deemed to admit all well-pleaded claims, except for those dealing with damages. *Transatlantic Marine Claims Agency, Inc.* v. *Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997) (holding that "[i]t is, of course, ancient learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted" (citation omitted)).

However, a plaintiff is not entitled to a default judgment as a matter of right simply because a party has defaulted.  *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund* v. *Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).  Moreover, a district court "need not agree that the alleged facts constitute a valid cause of action."  *City of New York* v. *Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp.* v. *Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).  Instead, a default "only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant."  *Taizhou Zhongneng Imp. & Exp. Co.* v. *Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013) (summary order). Because there is a "preference for resolving disputes on the merits," any doubts "should be resolved in favor of the defaulting party."  *Powerserve Int'l, Inc.* v. *Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (citing *Enron Oil Corp.* v. *Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993)).

Relatedly, while courts may find that factual allegations are not well-pleaded only in "very narrow, exceptional circumstances," they are not similarly bound when analyzing the *sufficiency* of a plaintiff's allegations.  *Compare Trans World Airlines, Inc.* v. *Hughes*, 308 F. Supp. 679, 683 (S.D.N.Y. 1969) (explaining that "[o]nly 'in very narrow, exceptional circumstances' may a court find a factual allegation not well pleaded"), *modified on other grounds*, 449 F.2d 51 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973), *with In re Wildlife Ctr. Inc.*, 102 B.R. 321, 325 (E.D.N.Y. 1989) (explaining "[e]ven after default it remains for the court to consider whether the unchallenged facts

4

constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law" (citation omitted)); *see also Elsevier, Inc.* v. *Grossman*, No. 12 Civ. 5121 (KPF), 2013 WL 6331839, at *7 (S.D.N.Y. Dec. 5, 2013) (finding, in context of default judgment, that several of plaintiff's claims were inadequately pleaded); *Gerritsen* v. *Glob Trading, Inc.*, No. 06 Civ. 3756 (SLT) (RLM), 2009 WL 262057 (E.D.N.Y. Feb. 4, 2009) (finding that a default judgment should not be entered on claims that were not well-pleaded).

## B. The Court Denies Plaintiff's Motion for Default Judgment[1]

Granting Plaintiff all the solicitude that he is owed as a *pro se* litigant, the Court understands Plaintiff to have alleged the following claims against Backpage.com: (i) Backpage.com "aided and abetted" DANY and the NYPD in their unlawful search of his apartment, cell phone, and electronic media by granting those co-defendants access to his password-protected accounts without proper legal authority (Compl. ¶ 38); (ii) Backpage.com violated

---

[1] The Court also notes that, based on the Complaint, it is unlikely that the Court has personal jurisdiction over Backpage.com. Backpage.com is an Arizona LLC (Compl. ¶ 11), and Plaintiff alleges no facts that would indicate that Backpage.com is subject to general jurisdiction in New York, *see Daimler AG* v. *Bauman*, 571 U.S. 117, 139 (2014) (explaining that the relevant inquiry for general jurisdiction is whether a company's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State" (internal quotation marks and brackets omitted)). Moreover, given that Plaintiff's claims against Backpage.com deal with Backpage.com's disclosure of information, granting of access to accounts, or omissions in its terms of service, it is likely that all of these acts arose out of activity in Arizona, where Backpage.com and its records custodian are located, as opposed to in New York. *See Corley* v. *Vance*, 365 F. Supp. 3d 407, 434-35 (S.D.N.Y. 2019) (finding that "it is almost certainly the case that Plaintiff's claims against Facebook," dealing with disclosure of personal information, "arise out of the latter's activity in California, where its records custodians are located"). Therefore, it is unlikely there is specific jurisdiction over Backpage.com either. *See Aquiline Capital Partners LLC* v. *FinArch LLC*, 861 F. Supp. 2d 378, 386 (S.D.N.Y. 2012) (explaining that, for there to be specific jurisdiction, the claims must arise out of the defendant's business activity in New York).

Plaintiff's right to privacy by disclosing his personal information in violation of the Electronic Communications Privacy Act ("ECPA"), the Stored Communications Act ("SCA"), and the Right to Financial Privacy Act ("RFPA") (*id.* at ¶ 61); (iii) Backpage.com committed fraud by omitting from its terms of service that it was a "covert tool for law enforcement" (*id.* at ¶ 65); (iv) Backpage.com failed to train its custodian of records properly on matters involving disclosing information to law enforcement (*id.* at ¶ 69); (v) Backpage.com violated Plaintiff's right to privacy in violation of 42 U.S.C. § 1983 (*id.* at ¶ 84); (vi) Backpage.com is liable for negligent infliction of emotional distress (*id.* at ¶ 95); and (vii) Backpage.com is liable for gross negligence (*id.* at ¶ 97).

With the exception of the unlawful search claim, the fraud claim, and the failure to train claim, the Court has previously analyzed all of the above allegations as they pertain to the other private Defendants in this case and found those allegations lacking. *See generally Corley II*, 365 F. Supp. 3d 407. Moreover, the same analysis that the Court applied with respect to the private Defendants in *Corley II* applies to Plaintiff's claims against Backpage.com.

For example, in *Corley II*, the Court found that Plaintiff's claims pursuant to the ECPA and SCA failed to state a claim because "the Complaint [did] not sufficiently allege how Corporate Defendants' violated the ECPA and SCA in the course of any disclosures they may have made." *Corley II*, 365 F. Supp. 3d at 452. As Plaintiff's ECPA and SCA allegations against Backpage.com mirror those against the other Defendants (Compl. ¶¶ 61, 89), the Court finds that

6

Plaintiff's ECPA and SCA allegations are similarly inadequate as to Backpage.com, and therefore do not entitle Plaintiff to a default judgment. The same applies to Plaintiff's constitutional right to privacy claim, *see Corley II*, 365 F. Supp. 3d at 446 (dismissing claim for failure to allege state action and for failure to allege any facts that rise above a speculative level); Plaintiff's negligent infliction of emotional distress claim, *see id.* at 454 (dismissing claim for failure to allege a duty and for alleging conduct that is, in fact, intentional as opposed to negligent); and Plaintiff's gross negligence claim, *see id.* at 455-56 (dismissing claim for failure to allege that defendants disclosed information in violation of any constitutional or statutory rights). The Court therefore finds that Plaintiff is additionally not entitled to default judgment against Backpage.com on his constitutional privacy claim, negligent infliction of emotional distress claim, or his gross negligence claim.

Although not addressed directly in the Court's prior Opinions, Plaintiff has also failed to allege his failure to train claim sufficiently. The entirety of Plaintiff's allegation is that Backpage.com is "liable for damages due to failure to properly train its unknown Custodian of Records … on matters involving law enforcement, the legalities of disclosing information to government entities and required legal authority." (Compl. ¶ 69). The Court understands Plaintiff's claim as sounding in negligence. In order to make out a claim for negligence, a plaintiff must allege that: (i) that the defendant owed the plaintiff a cognizable duty of care; (ii) the defendant breached that duty; and (iii) the plaintiff suffered damage as a proximate cause of the breach. *Corley* v. *Jahr*, No. 11 Civ. 9044

7

(RJS) (KNF), 2014 WL 772253, at *7 (S.D.N.Y. Feb. 10, 2014). As with Plaintiff's other allegations of negligence, *see Corley II*, 365 F. Supp. 3d at 454, Plaintiff here has failed to allege the existence of any duty Backpage.com may have owed him. Therefore, Plaintiff is not entitled to default judgment for his failure to train claim.

Similarly, Plaintiff's allegation that Backpage.com aided and abetted DANY and the NYPD in their ostensibly unlawful searches fails to state a claim on which this Court may grant default judgment. As the Court noted previously in dismissing Plaintiff's constitutional privacy claims, *see Corley II*, 365 F. Supp. 3d at 446, a private individual may be held liable under § 1983 if "operat[ing] as a willful participant in joint activity with the State or its agents," *Abdullahi* v. *Pfizer, Inc.*, 562 F.3d 163, 188 (2d Cir. 2009). Indeed, there must be "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Abdullahi*, 562 F.3d at 188. Here, all Plaintiff has alleged is that Backpage.com gave DANY and the NYPD access to his accounts. (Compl. ¶ 38). This plainly does not adequately allege that Backpage.com acted as a "willful participant in joint activity" with these Government Defendants, nor that this private action bears such a close nexus with the State that it may fairly be attributed to the State. Thus, the Court finds that Plaintiff has failed to allege that Backpage.com aided and abetted DANY and the NYPD in their unlawful searches.

Finally, the Court reaffirms its prior finding that Plaintiff has failed to allege a viable fraud claim against Backpage.com. *See Corley II*, 365 F. Supp. 3d at 456 (finding, in the course of analyzing a claim against the Government Defendants for aiding and abetting fraud, that Plaintiff failed to allege the underlying fraud by Backpage.com). In sum, none of Plaintiff's allegations against Backpage.com constitutes a valid cause of action. Given these deficiencies, Plaintiff is not entitled to a default judgment against Backpage.com. Accordingly, Plaintiff's motion for default judgment is denied.

**C.     The Court Denies Plaintiff's Motion for Leave to Amend**

In his motion for default judgment ("Pl. Mot."), Plaintiff asks for leave to amend his Complaint should the Court award him less than $1,000,000 in damages. (Pl. Mot. 7). However, for the reasons identified in *Corley II*, 365 F. Supp. 3d at 463, the Court finds that any attempt to replead his claims as to Backpage.com would be futile. The Court therefore denies Plaintiff's request for leave to amend.

## CONCLUSION

For the reasons set forth in this Order, Plaintiff's motion for default judgment is DENIED.

SO ORDERED.

Dated: March 20, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*Sent by First Class Mail to:*
Royce Corley
104 Gold Street
Brooklyn, NY 11201