UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROYCE CORLEY,

                Plaintiff,

        -v.-

CYRUS R. VANCE JR., *et al.*,

                Defendants.

15 Civ. 1800 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On November 6, 2020, the Court received letters from Defendants New York County District Attorney Cyrus R. Vance, Jr., Assistant District Attorney ("ADA") David Stuart, and former ADAs John Temple, Greg Weiss, and Elizabeth Pederson (collectively, the "DA Defendants") (Dkt. #385); and from Defendants Brian Conroy, Michael Daly, Mark Woods, Detective Jessica Sterling, Giancarlo Cavallo, Greg Smith, and Shari C. Hyman (collectively, the "NYPD Defendants") (Dkt. #386) regarding their compliance with the Court's February 11, 2020 Order on Plaintiff Royce Corley's motion to compel discovery and seek sanctions in this case (Dkt. #358). Defendants' letters enclosed their respective submissions made to Plaintiff in response to the Court's February 11, 2020 Order. (Dkt. #385-1, 386-1). On January 19, 2021, the Court received a letter from Plaintiff raising several objections to Defendants' compliance with the Court's February 11, 2020 Order. (Dkt. #399). The Court will address each in turn.

*First*, Plaintiff objects to the NYPD Defendants' contention that "a more practical method" of obtaining information sought by Plaintiff is to seek records

from various governmental agencies identified by the NYPD Defendants. (Dkt. #399 at 1). Plaintiff likens the NYPD Defendants' approach to sending Plaintiff "on a wild goose chase" and questions whether this is a more practical method than obtaining records "already in the [NYPD] Defendants' possession." (*Id.*). The Court ORDERS the NYPD Defendants to provide an explanation for their view as to why referring Plaintiff to other governmental agencies is a more practical method. Should the NYPD Defendants maintain that directing Plaintiff to the agencies is a more practical approach, the Court ORDERS the NYPD Defendants to provide Plaintiff with the agencies' contact information, including contact persons and telephone numbers or email addresses, rather than merely identifying the relevant agencies.

*Second*, Plaintiff argues that Defendants are in violation of the Court's order directing Defendants to answer 25 select interrogatories. (Dkt. #399 at 1 (citing Dkt. #358 at 5)). However, Defendants have represented that they provided responses and objections to Plaintiff's first 25 interrogatories. (Dkt. #385-1 at 2, Dkt. #386-1 at 4). As such, the Court understands Defendants to be in compliance with its directive.

*Third*, Plaintiff notes that the NYPD Defendants have not provided a privilege log of records subject to protection under the attorney-client privilege or work product doctrine. (Dkt. #399 at 2). The Court agrees that the NYPD Defendants' submission was not sufficient for these purposes, and ORDERS them to provide a privilege log identifying the records protected from

2

disclosure, akin to what was provided to Plaintiff by the DA Defendants. (*See* #385-1 at 2).

*Fourth*, Plaintiff argues that the NYPD Defendants have failed to provide a log of all records which were "destroyed by operation of law." (Dkt. #399 at 2). Plaintiff characterizes the NYPD Defendants as having first represented that certain records were destroyed, and having now alleged that no such records exist. (*Id.*). The Court understands that the NYPD Defendants initially objected to Plaintiff's discovery requests to the extent the requests sought records that had been destroyed by operation of law. (Dkt. #386-1 at 4). The Court further understands that the NYPD Defendants have now determined that no such responsive records exist. (*Id.*). The Court disagrees with Plaintiff that these responses are "illogical." Should no responsive documents exist in this category, then there are no such documents that the NYPD Defendants can identify for Plaintiff in a log or otherwise.

*Fifth*, Plaintiff asserts that the NYPD Defendants did not provide him with a Stipulation and Order of Confidentiality pursuant to which they had agreed to provide certain "substantiated CCRB, CPI and IAB complaints and/or incidents." (Dkt. #399 at 2). He also notes that the NYPD Defendants have not produced any publicly available documents in this category. (*Id.*). The Court ORDERS the NYPD Defendants to provide Plaintiff with the contemplated Stipulation and Order of Confidentiality for his execution, and to produce any responsive publicly available documents.

*Sixth*, Plaintiff challenges the NYPD Defendants' failure to identify an Officer Gregory Smith. (Dkt. #399 at 2). The basis for the NYPD Defendants' refusal is that Officer Smith "was not involved in Plaintiff's underlying arrest and prosecution," but that he was involved in the "criminal prosecution of Nathaniel Jackson, under *People* v. *Nathaniel Jackson,* under Indictment No. 4157-2011 that was pending in the New York Supreme Court." (Dkt. #386-1 at 5-6). Plaintiff argues that Mr. Jackson's case was "closely related" to the claims that gave rise to his Complaint in this action, and maintains that Officer Smith assisted with violating Plaintiff's constitutional rights. (Dkt. #399 at 2). To the extent Officer Smith had any involvement in the underlying investigation of Plaintiff, even if not in Plaintiff's arrest and/or prosecution, the Court ORDERS the NYPD Defendants to confirm Officer Smith's identify.

Lastly, Plaintiff argues that he is entitled to costs as the Court partially granted his motion to compel discovery in its February 11, 2020 Order. (Dkt. #358). However, at the time the Court issued its Order, it addressed whether Defendants' actions warranted sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. (*Id.* at 7-8). After carefully considering the law of this District, the Court determined that the circumstances did not warrant sanctions. (*Id.* at 8). The Court has not changed its view on this matter, and no sanctions will be entered at this time.

All such orders contained herein shall be complied with no later than February 15, 2021. The Clerk of Court is directed to transmit a copy of this Order to Plaintiff at his address of record.

SO ORDERED.

Dated:   January 25, 2021
        New York, New York

                                                  KATHERINE POLK FAILLA
                                                  United States District Judge